**NATIONAL TITLE & ABSTRACT COM-
PANY et al., Appellants,**

v.

**Robert Paul SHAVER et al., Appellees.**

**No. 7314.**

Court of Civil Appeals of Texas.

Texarkana.

Feb. 6, 1962.

Rehearing Denied March 13, 1962.

C. C. Renfro, Renfro & Ewing, Dallas, for appellant.

Robert H. Thomas, Strasburger, Price, Keller, Miller & Martin, Dallas, for appellee.

CHADICK, Chief Justice.

The plaintiffs sued in the trial court for indemnity payable under the terms of a title insurance policy. Judgment awarding a recovery was entered. The judgment is reversed and the case rendered.

The pleading and proof in the trial court and the briefs of the parties in this court make determination of whether or not the rights vested in the owner of a pipeline right-of-way easement were excepted from the guaranty of a policy of title insurance decisive of the appeal. The answer must be in the affirmative.

In July, 1915, J. W. Tate and Laura Tate granted Lone Star Gas Company an easement to lay, maintain and operate pipeline and appurtenances thereto over and through a thirty acre tract of land in the S. Huitt Survey of Dallas County. The instrument evidencing the grant was filed with the County Clerk and recorded in the Deed Records of Dallas County in August of the same year. The title insurer failed to discover this instrument in its examination of the title before its policy issued.

Robert Paul Shaver and William Hugh Roberson, the appellees, acquired 2.35 acres out of the 30 acre Tate tract by conveyance from William Harvey Vaughn and Lilly Vaughn in March, 1948. The Tates became the common source of title of appellees and the gas company. The National Title and Abstract Company as agent for Alamo Title Company issued Shaver and Roberson an owner's title insurance policy which guaranteed that a good and indefeasible title was vested in them to the 2.35 acre tract subject to a described lien, restrictive covenants affecting the property, discrepancies in areas and boundaries which a correct survey would show, current taxes,

and the "rights of parties in possession". Only the last exception bears on the case.

At the date of the Vaughn Deed, Lone Star Gas Company had in operation a high compression gas transmission pipeline that traversed the 2.35 acre tract. The line was buried four feet under the surface, but was walked every week by an employee. Gas service to the Vaughn residence was furnished from a tap on the line. The appellees did not discover the existence of the pipeline at or before the date of the title policy, and had no actual notice of the right-of-way easement.

The "Basic Manual of Rules, Rates and Forms" promulgated by the Board of Insurance Commissioners permits title insurers to insert as a general exception to the policy's guaranty the language "rights of parties in possession". The Manual does not define the scope of this exception, but does describe it as a general exception and prescribe the condition of its use. No issue is raised in this case as to the propriety of the insertion of the exception in the policy. On the contrary the appellees' pleading alleges that good and indefeasible title was guaranteed, subject to the exceptions set out in the policy.

No case from this or another jurisdiction has been cited in which a court has construed the language of this exception. Nor is there evidence that it has a special meaning when used in a title insurance policy though the regulations referred to indicates that its use in the title insurance business is of sufficient concern to require regulation.

 The record in this court contains nothing to suggest that in ascertaining the intent, purpose or effect of the exception that the words employed should be given any other than their plain, ordinary and accepted meaning. The applicable rule is clearly stated in Hall v. Mutual Ben. Health & Accident Ass'n, Tex.Civ.App., 220 S.W. 2d 934, wr/ref. See also Hale v. Allstate Insurance Company, Tex., 344 S.W.2d 430; Insurance 24B Tex.Jur. 97, Sec. 29.

 Considering the exception's desig.. and the plain, ordinary and accepted meaning of its wording it must be held that it excludes from the operation of the policy guaranty the recorded easement of the Lone Star Gas Company which was being actively used in the conduct of the gas company's business as the time the policy was written, though neither insurer nor assured had actual knowledge of the easement or the gas company's rights thereunder.

In their brief appellees request a decision on their second crosspoint but state that a remand is not desired. Decision on the crosspoint under such circumstances is not necessary to disposition of the appeal, and therefore is omitted.

The judgment of the trial court must be reversed, and judgment here rendered that the appellees take nothing by their suit. It is so ordered.