Robert Paul SHAVER et al., Petitioners,

v.

NATIONAL TITLE & ABSTRACT CO. et al.,
Respondents.

No. A–8977.

Supreme Court of Texas.

Oct. 24, 1962.

Rehearing Denied Dec. 5, 1962.

Bowyer & Thomas, Bascom Thomas, Robert H. Thomas, Dallas, for petitioners.

C. C. Renfro, Dallas, for respondents.

GRIFFIN, Justice.

This is a suit brought by petitioners as plaintiffs in a District Court of Dallas County, Texas, against the respondents, National Title & Abstract Company; Alamo Title Company; and also against Lone Star Gas Company, as defendants. Plaintiffs alleged that on April 1, 1948, they purchased a 2.35 acre tract of land and paid defendants to issue its policy of title insurance in plaintiff's favor guaranteeing to plaintiffs that they were receiving a good and indefeasible title to the land; that plaintiffs paid defendants for these services and received a title insurance policy; that about July 15, 1957, plaintiffs for the first time discovered that Lone Star Gas Company was the owner of a recorded easement executed by former owners of the land in 1915 for installation and maintenance of a sixteen-inch high pressure gas line across the tract of land purchased by plaintiffs and covered by defendants' title insurance policy. Plaintiffs alleged that such gas line was buried about four feet under the surface; that such easement prevented plaintiffs' title from being a good and indefeasible title; that the condition of the title insurance policy had been breached, and sought damages from defendants.

Defendants answered pleading the four-year statute of limitations; that the title insurance policy contained a provision that it was to be subject to the rights of parties in possession of the premises at the time the policy was issued; that the Gas Company was in possession at such time, and therefore plaintiffs were not entitled to recover.

A jury was had and it answered the issue of limitation favorably to plaintiffs and found the decrease in value of the property by virtue of the outstanding easement both at the time the policy was issued and at the time plaintiffs discovered the existence of the easement. The jury found that plaintiffs' property had decreased 60% in value due to the outstanding easement. The trial court rendered judgment in favor of plaintiffs against the two title companies for $3,450.00 plus $1,750.00 as attorneys' fees. At the close of the evidence, the trial court had instructed a verdict in favor of the Gas Company. There was no appeal from this action of the trial court and the Gas Company, and its rights are not before us.

On appeal by defendants, the Court of Civil Appeals held that the Gas Company was in lawful possession at the time of the issuance of the title policy; therefore, the provision in the title policy that it was issued subject to the "rights of parties in possession" was a complete bar to recovery by plaintiffs for damages due to the Gas Company easement, and reversed the trial court's judgment and rendered judgment in favor of defendants. Tex.Civ.App., 354 S.W.2d 603.

Defendants have filed a motion in this court to dismiss this cause for the reason that since the trial in the District Court the Gas Company has released its pipeline easement and abandoned the use of the pipeline across plaintiffs' land. Defendants attach a copy of the duly recorded release to their motion.

The damages which plaintiffs seek are those resulting from the breach of the defendants' contract to guarantee plaintiffs a good and indefeasible title. Those damages were suffered prior to the trial of this cause in the District Court and the amount of

such damages, if any, suffered by plaintiffs. has not been paid. Plaintiffs' rights to re-. covery still exist and recompense can be made them only by a final determination of this case. The case is not moot, and we overrule defendants' motion to dismiss. Sterling v. Ferguson, 122 Tex. 122, 53 S.W. 2d 753 (1932); Polk v. Davidson, 145 Tex. 200, 196 S.W.2d 632 (1946); 3 Tex.Jur.2d 313, Sec. 50.

Plaintiffs as petitioners here assign error to the holding of the Court of Civil Appeals that plaintiffs cannot recover, because of the provision that the policy is issued "subject to the rights of parties in possession."

 plaintiffs filed their suit they declared on the title insurance policy and attached a copy thereof to their petition. Under Rule 94, Texas Rules of Civil Procedure, plaintiffs were not required to allege and prove that the loss did not come within any of the policy exceptions. In its answer, the defendants specifically pleaded that the policy was issued "subject to the rights of parties in possession," and that the Gas Company was then in possession; therefore, the plaintiffs could not recover. Prior to the adoption of Rule 94, T.R.C.P., the plaintiff suing upon an insurance contract was required to allege and prove that the facts plaintiff relied upon for recovery did not come within any of the contract exceptions exempting the issuing company (defendants herein) from liability. Under Rule 94 no such allegations and proof are necessary on the part of the plaintiffs, except where the insurer shall allege that the loss was due to a risk or cause coming within a particular exception to the general liability. After defendants had filed their answer herein, the plaintiffs had the burden of proving their right to recover was not defeated by exception pleaded. Sublett v. American Nat. Ins. Co., 1950, Tex.Civ.App., 230 S.W. 2d 601, writ refused n. r. e.

The last clause of Rule 94, T.R.C.P., states: "provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists."

██ Petitioners contend that the Gas Company pipeline was not in such "possession" of the premises as would put them on notice of its existence, therefore, the Gas Company was not a party in possession of the 2.35 acres within the meaning of the title insurance policy sued on.

We sustain this assignment.

The pipeline was buried about four feet under the surface of the land purchased by the plaintiffs. There were no surface indications that a pipeline was buried in the soil. One inspecting the premises could not see anything that indicated there was a pipeline across and under the land. There were no signs indicating the location or existence of the pipeline.

██ The fact that the easement for the gas line was duly of record cannot be urged as a defense to this action. The title insurance policy guarantees plaintiffs a "good and indefeasible title" to the property purchased, except as pointed out in the policy. The easement for the pipeline is not included as an exception, unless it is included as "rights of parties in possession."

In speaking of the character of possession which will operate as notice to a purchaser of the rights of purchasers, we find it stated in 31 Tex.Jur. 368, § 7: "In order to operate as notice of a claim to the land occupied, possession must be open and visible, notorious, exclusive and not merely constructive."

In De Guerin et al. v. Jackson (Tex.Civ. App.1932) 50 S.W.2d 443, affirmed 124 Tex. 424, 77 S.W.2d 1041, we find the rule thus stated: ·

"All the authorities agree that possession, in order to constitute notice, must be actual possession of the party, or his agent or tenant, consisting of acts of occupancy which are open, visible and unequivocal, and in nature sufficient upon the observation of a subsequent purchaser to put him on inquiry as to the rights of the possessor. Blankenship v. Douglas, 26 Tex. 225,

82 Am.Dec. 608; Ramirez v. Smith, 94 Tex. 184, 59 S.W. 258; Aurelius v. Stewart (Tex.Civ.App.) 219 S.W. 863; Evans v. Foster, 79 Tex. 48, 15 S.W. 170; 2 Pomeroy Eq. Jur. (4 Ed.) § 620; 46 C.J. § 38, p. 547. It must not be equivocal or casual. Murphy v. Welder, 58 Tex. 235; Fuentes v. McDonald, 85 Tex. 132, 20 S.W. 43; Vineyard v. Brundrett, 17 Tex.Civ.App. 147, 42 S.W. 232."

To the same effect are the following additional authorities: Strong v. Strong, 1936, 128 Tex. 470, 98 S.W.2d 346(11), 109 A.L.R. 739; Southern Union Gas Co. v. Cantrell, 1952, 56 N.M. 184, 241 P.2d 1209; 66 C.J.S. Notice § 11, p. 647; 41 A.L.R. 1442 et seq.; 74 A.L.R. 1250 et seq.

Under the undisputed facts of this case, we hold that the possession of the Gas Company was not sufficient to give notice of its easement to plaintiffs at the time they purchased the land, and the title insurance policy. As to the rights of the Gas Company, the recorded easement was constructive notice to plaintiffs, but this does not relieve defendants of liability on their title policies.

Defendants, having been successful in the Court of Civil Appeals, filed no application for writ of error.

■ We hold the Court of Civil Appeals was in error on the ground upon which it based its holding. The Court of Civil Appeals did not pass on all of defendants' assignments of error before that Court and it now becomes our duty to examine the defendants' assignments of error in order to determine if the judgment of the Court of Civil Appeals can be sustained on any of the undiscussed assignments of error. Vanover v. Henwood, 136 Tex. 348, 150 S.W.2d 785; K & G Oil Tool & Service Company, Inc. v. G & G Fishing Tool Service, 158 Tex. 594, 314 S.W.2d 782.

■ In addition to the defendants' (appellants in Court of Civil Appeals) assignment of error sustained by the Court of Civil Appeals, we find these additional assignments in that Court: That plaintiffs' cause of action was barred by the four-year statute of limitation. The record shows that the jury answered appropriate issues that plaintiffs did not discover the existence of the pipeline easement until July, 1957. Plaintiffs filed their suit in 1958. The question as to the date when plaintiffs first learned of the easement was a disputed one and, therefore, the jury finding is binding. There is no claim that such finding of the jury was not supported by evidence.

■ Defendants' Third Point of Error in the Court of Civil Appeals was:

"The trial court erred in awarding plaintiffs $3450.00 on their claim of damages because the liability of these defendants was only such part of the $5750.00 of maximum liability as the area of the pipeline easement bore to the whole tract covered by the policy, and the Court failed to submit issues whereby the jury could have determined what part, if any, of the whole acreage was lost to plaintiffs."

This raises only the matter of proportionate damages. Defendant argued that issues should have been submitted to the jury to determine the area covered by the pipeline easement so that the damages might be prorated. We do not sustain this assignment.

Since this is only a 2.35 acre tract and the easement permits the Gas Company to use any part for its pipeline, the existence of the pipeline easement was an encumbrance on the whole of the title to the entire 2.35 acres, and not to just a part of that total acreage. For this reason the policy provision for proportionate payment only is not applicable in this cause.

■ The only other point complained of the allowance of $1,750.00 as attorneys' fees to plaintiffs, because no adverse claim or suit was ever asserted against plaintiffs which defendants were required to defend. The record shows that as soon as plaintiffs discovered the existence of the easement they called upon defendants to remove the

same. This defendants refused to do, or to pay plaintiffs the damages demanded. Plaintiffs also called upon the Gas Company for release and removal of the easement and pipeline. The Gas Company refused to release the easement or to remove the pipeline unless it was reimbursed for cost of removal. Plaintiffs were required to file suit to secure relief. The policy has a provision requiring the defendants to defend litigation necessary to clear title. Defendants, upon proper notice and demand, refused to litigate for removal of the easement. Plaintiffs were forced to file and prosecute a suit for relief and are entitled to recover their attorneys' fees.

We cannot affirm the judgment of the Court of Civil Appeals on any of the undisposed of points.

There are no points of error urged by plaintiffs as to the damages awarded, so the measure of damages, except as raised by defendants in their above point, is not before us for decision.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.