SOUTHWEST TITLE INSURANCE CO.
et al., Appellants,

v.

Robert D. PLEMONS et al., Appellees.

No. 19231.

Court of Civil Appeals of Texas,
Dallas.

June 3, 1977.

Rehearing Denied Aug. 11, 1977.

Eugene J. Pitman, DeLange, Hudspeth, Pitman & Katz, Houston, for appellants.

David A. Coggin, Gerry N. Wren, Brice & Barron, Dallas, for appellees.

ROBERTSON, Justice.

This is a suit on a title insurance policy by the insureds, Robert D. Plemons, James W. Hughes, and eight other parties, against the insurers, Southwest Title Insurance Company and Title Insurance Company of Minnesota. The insureds purchased 170 acres of land in Hunt County for $240,000 in March, 1973 and secured a title policy from the insurers. In the fall of that year, the insureds entered into a contract to sell the land to Ward Hunt; however, Hunt refused to consummate the sale because of two easements located on the property. Although the title policy did not refer to these easements and the insureds allegedly called upon the title company to remove them, the insurer refused to take any action. Upon trial before a jury, the insureds received a verdict in the sum of $77,440, together with $25,000 in attorneys' fees. The title company now appeals. We affirm regarding all points except the amount of damages awarded, and because we find that a portion of the damages were premature and improperly awarded, we modify the judgment to reflect the correct sum.

### Motion to Strike

It is necessary that we first address the insureds' motion to strike points four, five, and eleven of appellants' brief on the ground that these points are not supported by proper assignment of error in appellants' motion for new trial. Appellants do not object to the striking of point four and concede that this point of error was not properly preserved. Point five asserts that the trial court erred in submitting special issue number six as there was no pleading to support the submission. In

its amended motion for new trial, the objection was merely that "the court erred in overruling each and all of the objections to the charge of the court made by defendants." Point eleven complains of the trial court's allowance of testimony by James W. Hughes, an insured, regarding the other insureds' lack of knowledge of the easements. According to the point, this testimony was necessarily "hearsay or surmisal." In the amended motion for new trial, however, the basis for the error in allowing the testimony was that if the other insureds had known of the easements, they "would have told the plaintiff Hughes." These assignments of error are not sufficiently clear and certain to preserve points of error on appeal. Tex.R.Civ.P. 320, 321, 322, and 374; *Weingarten, Inc. v. Moore,* 449 S.W.2d 452 (Tex.1970); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Wagner v. Foster,* 161 Tex. 333, 341, S.W.2d 887 (1960). Therefore, the motion to strike must be granted.

### Measure of Damages

On the merits, our first area of concern is whether the proper measure of damages was submitted to the jury. In answer to issues submitted, the jury found that the damages equaled the value of the outstanding interest, as determined by the difference in market value of the entire tract with and without the easements. Both parties apparently agree that the general measure of damages is stated in *Southern Title Guaranty Co., Inc. v. Prendergast,* 494 S.W.2d 154 (Tex.1973). In that case, the court held that the liability of the title insurance company (x) is to the policy limits (a) as the value of the outstanding interest (b) is to the value of the whole property without the outstanding interest (c), or $\frac{x}{a} = \frac{b}{c}$. Under the facts of this case, the formula appears in this manner:

$$\frac{\text{Liability of insurer}}{\$240,000 \text{ (policy limit)}} = \frac{\text{Value of outstanding interest}}{\$240,000 \text{ (value of property without easements)}}$$

Resolved, the formula renders the liability of the insurer equal to the value of the outstanding interest. In order to reduce the solution to numerical terms, however, the value of the outstanding interest must first be determined. It is at this point the parties take issue. Appellants assert that the value of the easement should be found by an appraisal of its market value as an interest apart from the remainder of the property, while the insureds urge that the value can only be determined by calculating the difference in the market value of the entire property with and without the easements. We agree with the insureds. As a constituent element of the *Prendergast* formula, the value of the outstanding interest is determined by the difference between the market value of the entire tract with the outstanding interest and the market value of the tract as it would have been but for the outstanding interest. *Lawyers Title Ins. Corp. v. McKee,* 354 S.W.2d 401, 405 (Tex.Civ.App.—Fort Worth 1962, no writ). This measure must prevail over a mere valuation of the easement itself, for as a channel easement, the interest is not susceptible to market definition. Although appellant cites *Stone v. Lawyers Title Insurance Corp.,* 537 S.W.2d 55 (Tex.Civ.App.—Corpus Christi 1976, writ granted) to support the separate valuation approach, *Stone* does not support that formulation. Rather, *Stone* merely disapproves the "income capitalization" method of determining market value of the entire tract (a calculation based upon projected income and expenses), and does not reject overall market valuation as the proper procedure. In the present case, the testimony regarding market value was not based upon projected income and expenses; the appraisal was grounded upon actual sales of comparable property. Accordingly, we hold that the value of the easement was properly determined in this case and that the damages were properly calculated under the *Prendergast* formula.

### Notice of Defective Title

The title policy here in question expressly excluded coverage for defects known to the insured at the date of the policy unless the

defects were disclosed to the insurer prior to the policy date. As alternative points of error, appellants assert the absence or insufficiency of evidence to support the submission of special issues one and two, which inquired into the insureds' lack of knowledge or notice of the easements prior to the policy date. Appellants also assert that the jury findings of lack of knowledge and notice pursuant to issues one and two were against the great weight and preponderance of the evidence. We disagree. The issues were properly submitted, and the jury answers were amply supported by the evidence.

One insured, James W. Hughes, who promoted and organized the purchase as an investment transaction, testified that he did not know of the easements and that "to his knowledge" none of the other insureds were aware of the defects. Admittedly, there is no direct testimony regarding each insured's lack of knowledge or notice; however, this is not necessarily fatal to their recovery. Although "knowledge" is a state of mind which is often difficult and, at times, impossible to prove by direct testimony, its presence or absence may still be proved by circumstantial evidence. *Ashby v. State,* 283 S.W.2d 270, 274 (Tex.Civ.App. —Dallas 1955, no writ); *West v. Jennings,* 119 S.W.2d 685, 686 (Tex.Civ.App.—San Antonio 1938, no writ).

Circumstantially, it was shown that the easements were not mentioned, described, or excepted in the title policy, the deed, or the survey undertaken prior to the sale. It was further demonstrated that all insureds except Hughes, the promoter, were passive investors, some of whom never actually saw the property. Indeed, even if each insured had personally inspected the property, the land itself gave no indication of the easements. Even expert surveyors and appraisers could not discover the easements by observation.

In order to give notice to the insureds of the existence of the easements, the drainage channels must have been open and visible. It must be sufficiently apparent to place an observing purchaser on inquiry as to the rights of the easement holder. *Shaver v. National Title & Abstract Co.,* 361 S.W.2d 867, 869 (Tex.1962). In *Shaver,* our supreme court held that when a purchaser inspecting the premises cannot see any surface indications of an easement, the purchaser is not placed on notice of the outstanding interest. *Shaver* is precisely on point with the facts of the present case, and, accordingly, we hold that there was sufficient evidence to justify the submission of both issues and that the findings of lack of knowledge or notice were not contrary to the weight of the evidence.

## Attorneys' Fees

The judgment of the trial court awarded the insureds $25,000 as reasonable attorneys' fees for the prosecution of the suit. Appellants challenge this award on two grounds. Initially, they allege that neither the policy nor any statute authorizes an award of attorneys' fees in cases brought by the insured to enforce rights under the policy. Alternatively, appellants urge that a proper demand for curative action is a prerequisite to recovery and that there is insufficient evidence of such a demand. We disagree with these assertions.

We recognize that the present policy does not provide for attorneys' fees in suits brought to enforce rights under the policy. Literally construed, the policy limits recovery to attorneys' fees incurred by the insured in actions against third parties in which the insurer is obligated to defend the title of the insured. However, a broader construction was adopted in *Shaver v. National Title & Abstract Co., supra,* wherein our supreme court affirmed an award of attorneys' fees recovered in a suit brought by the insureds against their title insurer for failure to cure title defects. The court upheld the award even though *no suit had been asserted against the insureds which the insurer would have been required to defend.* Therefore, under *Shaver,* we hold that attorneys' fees were proper in this case.

We must also disagree with appellants' contention that there is insufficient evidence of a proper demand for curative action prior to suit. While we recognize that *Shaver* conditioned recovery of attorneys' fees upon "proper notice and demand" by the insured, we find sufficient evidence of a presuit demand in this case. James W. Hughes, an insured, testified that upon discovery of the easements, he notified appellants of the defects. After no curative or compensatory action was taken, Hughes renewed his requests; however, appellants still failed to act. According to Hughes, this lack of cooperation necessitated the present suit for damages. This testimony was not challenged at trial, and indeed, the issue of demand appears totally uncontroverted. Under these circumstances, we find sufficient evidence of a presuit demand by the insureds.

### Modification of the Judgment

Our final consideration is whether the trial court erred in rendering judgment based upon the full value of the policy when one of the insureds had reconveyed part of his interest to the original owner. Under the terms of the original conveyance to the nine insureds, each purchaser was granted an undivided one-tenth interest, with the exception of James W. Hughes, who received an undivided one-fifth. Pursuant to an agreement disclosed at trial, Hughes held half of his interest in trust for Yarber and subsequently conveyed that interest to Yarber before trial was held below. The judgment of the trial court awarded damages based upon the full value of the policy and apparently assumed that Hughes could recover for damages sustained to the entire one-fifth, even though he had conveyed half of the interest after the policy date. Appellants allege that this was error and that the judgment should be modified to disallow recovery for damages to the interest which was conveyed. We agree.

The title policy upon which this suit is based expressly provides that upon the sale of an insured's interest, the policy automatically becomes a warrantor's policy. The effect of this provision is to protect an insured who subsequently conveys his interest against any loss occasioned by a defect in the title warranted by the conveyance. The insurer is thus not liable to the vendor under the ownership provisions of the policy; recovery is conditioned upon a claim under the warrantor's provisions. *Cf. Stewart Title Guaranty Co. v. Lunt Land Corp.*, 162 Tex. 435, 347 S.W.2d 584, 586–87 (1961) (title guarantor is not liable to insured under ownership provisions after sale of the property. Policy provides for successive liabilities). In the present suit, Hughes did not sue under the warrantor's provisions; rather, the vendee, Yarber, brought suit directly against the title insurer for the defect. While we recognize that Yarber may have an action to recover damages for the defect, his action lies only against Hughes, his vendor, and any recovery by Hughes under the warrantor's provision is necessarily conditioned upon a claim by Yarber against him as vendor. As the judgment now stands, it permits Hughes to recover indemnity for a warranty claim which was never asserted. Therefore, we hold that such an award is premature and modify the judgment accordingly.

The judgment of the trial court is modified so as to reduce the amount of damages by one-tenth, from $77,440 to $69,696, and, as modified, is affirmed.