Mike **MARINO** and Nina **Marino, Appellants,**

v.

Althea **HARTFIELD, Appellee.**

No. 09–92–136 CV.

Court of Appeals of Texas, Beaumont.

June 9, 1994.

Rehearing Overruled July 18, 1994.

Ronald A. Bass, Dale Carrington, Jonette Anderson, Houston, for appellants.

Brian Reade, Randy Bays, Reade, Harder & Ralston, Woodlands, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION ON REMAND

WALKER, Chief Justice.

This appeal is again before us due to our prior opinion published at 849 S.W.2d 835, being reversed and remanded for the filing of statement of facts and consideration of all points of error not previously addressed. The following opinion constitutes compliance with our Supreme Court's directive.

Factually, August 13, 1988, Mike Marino and Nina Phomin (now known as Nina Marino) leased a home from Althea Hartsfield. Subsequent to entering this lease agreement Mr. Marino, Ms. Phomin, and Ms. Phomin's two daughters moved into the house. Ms.

Hartsfield received a security deposit of $675 from Nina Phomin. Approximately five to six months after moving into the house, appellants married. On August 1, 1989, Mr. Marino delivered to Ms. Hartsfield a notice of his intent to vacate the house as of August 31, 1989. On August 31, 1989, Ms. Hartsfield inspected the house with appellants. At this particular time, appellants were doing laundry and still had furniture in the garage. Appellants agreed to come back later and remove the furniture from the garage, mow the lawn, and return the keys. Appellants provided Ms. Hartsfield with their forwarding address which was a post office box. On Saturday, September 2, 1989, Ms. Hartsfield again visited the premises and found that the furniture was still in the garage, the keys had not been returned, but the lawn had been cut. On this same date, Ms. Marino returned to the house, opened the door and let herself in and while there removed some checkbooks from the kitchen cabinets. Ms. Marino left the premises without giving Ms. Hartsfield the key. On Monday, September 4, 1989, Ms. Hartsfield, having become impatient with appellants's failure to vacate the premises and return the keys, hired a locksmith to change the locks and then had appellants' possessions removed. Following appellants' involuntary surrender of the premises on September 4, 1989, Ms. Hartsfield spent in excess of the amount of the security deposit in repairing the damage done to her house by appellants and their children. On October 4, 1989, Ms. Hartsfield provided appellants an itemization of the deductions to the security deposit. Soon thereafter, appellants made demand on Ms. Hartsfield to return the deposit. Ms. Hartsfield refused to comply with appellants' demands. Appellants then commenced this suit against Althea Hartsfield who, in turn, filed counterclaims for her damages.

This case was tried to a Montgomery County jury, before the 284th Judicial District Court, from January 13, 1992, to January 15, 1992. The jury returned a verdict on January 15, 1992, awarding appellants nothing and awarding appellee $25 in damages and $6,000 in attorney's fees.

Appellants' Motion for Judgment Non Obstante Veredicto and To Disregard Findings on Certain Questions was denied on February 17, 1992. Final judgment in this case was signed February 17, 1992.

Appellants bring eight points of error which shall be addressed in the order presented.

■ Appellants' point of error one contends that, "The record lacks any evidence to support damage award of $25.00 to Appellee." We perceive this to be a no evidence point of error. In order to sustain a no evidence point, this Court must find that there is a complete absence of evidence to support the finding or that the finding is supported only by scintilla of evidence. *McKnight v. Hill & Hill Exterminators,* 689 S.W.2d 206, 207 (Tex.1985).

Ms. Hartsfield's claim for damages was based upon a breach of a written lease agreement. This lease agreement was admitted into evidence as Exhibit One. This agreement provided that appellants would pay Ms. Hartsfield for any damages sustained over and above the amount of the security deposit. Appellants were required by contract to reimburse Ms. Hartsfield for any damages which exceeded the $625 security deposit. Appellants tendered Exhibit Four which set out the damages Ms. Hartsfield incurred as a result of appellants' tenancy. Ms. Hartsfield testified that Exhibit Four correctly reflected the cost of damages sustained to the house as a result of appellants' occupancy. Appellants admitted that they left a stain on the carpet, knocked a hole in one wall and kept a puppy and an older dog in the house. Only one dog was allowed as provided in the lease. Appellant, Mike Marino, testified that he did not have a dog in the house in which he resided at the time of trial.

The lease agreement, which is on a form proposed by appellants, allows Ms. Hartsfield, in Paragraph 8b, to recover "cost of damages or repairs" resulting from appellants' occupancy which were proved at trial.

Appellants did not contest the charges made by Ms. Hartsfield and their sole complaint seems to focus on the timing of the letter informing them of the deductions to

the security deposit. It was appellants who introduced exhibit four, the document whereby Ms. Hartsfield itemizes the deductions to the security deposit. Appellants are now complaining against their own evidence. We hold that the offer and the admission of exhibit four to be more than adequate to overcome appellants' no evidence point of error. Point of error one is overruled.

■ Appellants' second point of error contends trial court error "in submitting a damage issue to the jury with no admissible testimony as to value of repairs to house or damage value."

Appellants admit that evidence by Ms. Hartsfield was introduced by stating, "there was no admissible testimony on her damages, if any, other than her unsubstantiated, uncorroborated testimony." Ms. Hartsfield's testimony as to her alleged damages required the trial court to submit a damage issue to the trier of fact which found favorable to appellee. *See Gevinson v. Manhattan Construction Co. of Okla.*, 449 S.W.2d 458 (Tex.1969); *Berner v. Ferris*, 538 S.W.2d 658 (Tex.Civ. App.—Amarillo 1976, no writ).

Here, we perceive it to be appellants' obligation to show this Court its entitlement to a reversal by showing that the trial court's submission of the damage issue was harmful error. To do so, appellants must show that the error complained of was "reasonably calculated to cause and probably did cause rendition of an improper judgment." TEX. R.APP.P. 81(b). There has been no attempt by appellant to make such a showing. Appellants' sole complaint under point of error two is the lack of admissible testimony. Point of error two is overruled.

■ Appellants' point of error three contends that the jury's answer to issue number one and to issue Number Three are in irreconcilable conflict and require the rendition of different judgments.

Jury question number one, requested by appellants and submitted by the Court inquired:

> Do you find from a preponderance of the evidence that defendant, Althea Hartsfield, failed to refund plaintiffs [sic], Mike and Nina Marino, security deposit or *supply to*

> Plaintiffs *a written description and itemization of deductions on or before the 30th day after plaintiffs surrendered possession of the premises?* (underline added)

Jury Answer: We do.

Jury question number three inquired:

> What sum of money, if paid now, in cash, would fairly and reasonably compensate Plaintiffs Mike and Nina Marino for their damages, if any, that resulted from defendant Althea Hartsfields' [sic] failure to return their security deposit?

> Consider the following elements of damage, if any, and none other: amount of security deposit wrongfully withheld, and reasonably and necessary attorney's fees.

> Answer in Dollars and Cents:

> For security deposit wrongfully with held [sic] *$0.00*

> For reasonable and necessary attorney [sic] fees *$0.00*

Since Ms. Hartsfield admitted to not returning the deposit, the jury was compelled to answer question number one affirmatively. Since question number one was submitted disjunctively, an affirmative answer does not mean that the jury found that Ms. Hartsfield had not given the itemization of deductions to the security deposit within 30 days of appellants vacating the premises. Furthermore, since there were no questions submitted to determine whether or not Ms. Hartsfield had supplied a written itemization of deductions within 30 days of appellants surrendering premises, the trial court could properly imply that the jury's affirmative answer to question number one related to Ms. Hartsfield's failure to return the security deposit. Any error in the wording of jury question one was waived by appellants. *See Castleberry v. Branscum*, 721 S.W.2d 270, 276 (Tex.1986).

In that there were no direct questions submitted to the jury regarding Ms. Hartsfield's furnishing of a written itemization, it became a deemed finding by the trial court. TEX.R.CIV.P. 279. An ultimate issue in this case was whether or not Ms. Hartsfield gave timely itemization of the deductions to the security deposit. This question was not specifically submitted for a definitive finding. Appellants contend that they surrendered

the house to Ms. Hartsfield on August 31, 1989. Ms. Hartsfield claimed that the house was surrendered to her on September 4, 1989. Evidence in support of the trial court's deemed findings is as follows:

Nina Marino admitted that she received possession of the premises when she was given the keys;

Nina Marino admitted that her husband still had a key to the premises on September 2, 1989;

Nina Marino admitted to returning to the premises on September 2, 1989, even though later in her testimony she testified that she went to the house on September 1, 1989;

Nina Marino admitted to still having possessions at the house following August 31, 1989, the date appellants otherwise contend that they surrendered possession of the house to Ms. Hartsfield;

Michael Marino admitted that he never finished removing his possessions from the premises and that he never returned all the keys;

Ms. Hartsfield testified that the locks were rekeyed on September 4, 1989;

Ms. Hartsfield testified that appellants had still not removed all their possessions from the premises as of September 4, 1989; and

Ms. Hartsfield testified that appellants called her to return the keys in the second week of September, 1989.

The record supports that fact that Ms. Hartsfield regained possession of the premises on September 4, 1989. A finding that Ms. Hartsfield supplied the required itemization of charges to the security deposit within 30 days following surrender of possession should have and apparently was deemed by the trial court. *See Ramos v. Frito–Lay, Inc.*, 784 S.W.2d 667 (Tex.1990). Point of error three is overruled.

■ Appellants' points of error four, five, and six constitute challenges to the jury's answers to special questions number two, three, and five as being so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unfair. We view appellants' points of error four and five as attacks upon the factual sufficiency of a

failure to find an issue on which appellants had the burden of proof. In this regard, appellants must demonstrate on appeal that the failure to find is so clearly against the great weight and preponderance as to be manifestly unjust. Appellants' point of error six is a bit misleading in that it assumes the burden of proof on jury question number five, where clearly the burden of proof was upon the defendant, Ms. Hartsfield. Giving appellants full benefit of our questioning of point of error six, we shall treat same as an insufficiency of the evidence attack.

Tex.R.Civ.P. 324 provides in pertinent part:

**(b) Motion for New Trial Required.** A point in a motion for new trial is a prerequisite to the following complaints on appeal:

. . . . .

(2) A complaint of factual insufficiency of the evidence to support a jury finding;

(3) A complaint that a jury finding is against the overwhelming weight of the evidence; . . .

Regarding those issues encompassed in appellant's points of error four, five, and six, appellants' Motion for New Trial contained the following language:

The take-nothing judgment entered against Plaintiffs, as well as the $6,025.00 awarded by the jury to Defendant is against the great weight and preponderance of evidence.

Tex.R.Civ.P. 321 provides:

Each point relied upon in a motion for new trial or in arrest of judgment shall briefly refer to that part of the ruling of the court, charge given to the jury, or charge refused, admission or rejection of evidence, or other proceedings which are designated to be complained of, in such a way that the objection can be clearly identified and understood by the court.

Appellee contends that appellants have failed to properly preserve points of error four, five, and six, citing *Cecil v. Smith*, 804 S.W.2d 509, 510 (Tex.1991) and *Jack Criswell Lincoln Mercury, Inc. v. Tsichlis*, 549 S.W.2d 255, 258 (Tex.Civ.App.—Beaumont

1977, no writ). Rule 321 requires that the motion for new trial briefly refer to the ruling of the court, the charge, the evidence, or other proceedings complained of so that the objection can be identified and understood by the court. *See Southwest Title Insurance Co. v. Plemons*, 554 S.W.2d 734, 735–736 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.); *Traders & General Insurance Co. v. May*, 168 S.W.2d 267, 271 (Tex.Civ. App.—Amarillo 1943, writ ref'd w.o.m.). Tex.R.Civ.P. 322 requires that generalities are to be avoided. We overrule appellants' points of error four, five, and six, and hold that appellants failed to properly preserve error under those three points.

Point of error seven contends that the trial court erred in submitting special issue number three, the first question to the jury on the amount of security deposit wrongfully withheld. We perceive such to be a complaint that the trial court erred in submitting a portion of appellants' own requested issue. Jury question three was offered by appellants and submitted by the trial court. Appellants cannot now complain on appeal. *See S & A Beverage Co. of Beaumont, No. 2 v. DeRouen*, 753 S.W.2d 507, 510 (Tex.App.—Beaumont 1988, writ denied). Appellants did not object to the submission of jury question three, therefore, appellants' point of error seven is overruled.

Appellants' final point of error contends that the trial court abused its discretion in not granting appellants' motion for judgment non obstante veredicto and to disregard findings on certain questions.

The abuse of discretion complained of is directed toward the trial court not granting appellants' judgment non obstante veredicto since the amount of the security deposit was stipulated at $675. Appellants have failed to cite legal authority in support of this argument. Appellants cite *Evans v. Covington*, 795 S.W.2d 806, 809 (Tex.App.—Texarkana 1990, no writ) for the proposition that a judgment notwithstanding the verdict is proper where the verdict is supported by no evidence or the issue is decided as a matter of law. Appellants' point of error eight fails, however, to state "how" the trial court abused its discretion in refusing to grant appellants' motion for judgment non obstante veredicto. Point of error number eight is overruled.

Having overruled all of appellants' points of error, the judgment of the trial court is in all things affirmed.

AFFIRMED.