In the Interest of J.B., C.B., S.J., B.J., and L.Z., Children















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-348-CV

     IN THE INTEREST OF J.B., C.B.,
     S.J., B.J., AND L.Z., CHILDREN,

 

From the 323rd District Court
Tarrant County, Texas
Trial Court # 323-57274-J
                                                                                                                

O P I N I O N
                                                                                                                

      A jury terminated the parental rights of Appellant Vicki Burton to her five children. See Tex.
Fam. Code Ann. § 161.001(1)(D), (E) (Vernon Supp. 1998). Burton presents three issues in
which she contends that the evidence is legally and factually insufficient to support the jury’s
verdict that: (1) she knowingly placed or knowingly allowed the children to remain in conditions
and surroundings which endangered their well-being; (2) she engaged in conduct or knowingly
placed the children with persons who engaged in conduct which endangered their well-being; or
(3) termination of her parental rights is in the best interest of the children.
      The Department of Protective and Regulatory Services (the “Department”) responds that
Burton has not properly preserved these issues for appellate review. We agree.
      The appellate rules require a party to preserve appellate complaints by presenting them first
to the trial court. Tex. R. App. P. 33.1. In order to properly preserve a challenge to the legal
sufficiency of the evidence, a party must have first presented the contention to the trial court either
by:
      (1)  motion for instructed verdict;
      (2)  objecting to submission of the question;
      (3)  motion for judgment notwithstanding the verdict;
      (4)  motion to disregard the contested finding; or
      (5)  motion for new trial.
Cecil v. Smith, 804 S.W.2d 509, 510-11 (Tex. 1991); Crow v. Burnett, 951 S.W.2d 894, 899
(Tex. App.—Waco 1997, pet. denied). Rule 324(b)(2) of the Rules of Civil Procedure requires
a party to present a factual insufficiency complaint in a motion for new trial as a prerequisite to
asserting the complaint on appeal. Tex. R. Civ. P. 324(b)(2); Cecil, 804 S.W.2d at 510; Crow,
951 S.W.2d at 899.
      Burton’s motion for new trial provides in pertinent part that the “jury erred in finding from
clear and convincing evidence” that: (1) she knowingly placed or knowingly allowed the children
to remain in conditions and surroundings which endangered their well-being; (2) she engaged in
conduct or knowingly placed the children with persons who engaged in conduct which endangered
their well-being; or (3) termination of her parental rights is in the best interest of the children. 
Her motion for new trial failed to adequately inform the trial court that she was challenging the
legal or factual sufficiency of the evidence to support the jury’s findings. See Arroyo Shrimp
Farm, Inc. v. Hung Shrimp Farm, Inc., 927 S.W.2d 146, 149-51 (Tex. App.—Corpus Christi
1996, no pet.); Marino v. Hartsfield, 877 S.W.2d 508, 512-13 (Tex. App.—Beaumont 1994, writ
denied); Morrow v. Flores, 225 S.W.2d 621, 625 (Tex. Civ. App.—Fort Worth 1949, writ ref’d
n.r.e.); see also Tex. R. Civ. P. 321. Burton did not challenge the legal sufficiency of the
evidence by any of the other means identified above. See Crow, 951 S.W.2d at 899.
      For these reasons, we conclude that Burton failed to properly preserve her challenges to the
legal and factual sufficiency of the evidence to support the jury’s verdict. Accordingly, we
overrule the issues she presents. We affirm the judgment.
 
                                                                         REX D. DAVIS
                                                                         Chief Justice


Before Chief Justice Davis
      Justice Cummings and
      Justice Vance (dissenting)
Affirmed
Opinion delivered and filed June 17, 1998
Do not publish