**Michael KOENIG and Deborah Koenig, Appellants,**

v.

**FIRST AMERICAN TITLE INSURANCE COMPANY OF TEXAS, Appellee.**

**No. 14–05–00209–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 14, 2006.

Teri A. Walter, Houston, for appellants.

Kelly Ann Conklin, Tim McDaniel, Houston, for appellee.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

This case involves the effect of a "rights of parties in possession" exception to coverage in a title insurance policy. Appellants, Michael and Deborah Koenig (the "Koenigs"), appeal the trial court's granting of summary judgment in favor of appellee, First American Title Insurance Company of Texas ("First American Title"). We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The Koenigs filed suit against First American Title to recover benefits under a title insurance policy issued by First American Title to the Koenigs on April 1, 1999. On November 4, 2003, Scott and Lisa Arnold (the "Arnolds") filed suit against the Koenigs claiming title by adverse possession to a 40 inch by 45 foot strip of property situated between the Koenigs' garage and the official property line (the "disputed property"). The Arnolds based their claim on a fence built by the Arnolds' predecessors in title, which the Arnolds claimed fully enclosed the disputed property. After First American Title denied coverage to defend the Arnolds' claim, the Koenigs hired an attorney at their own expense and successfully defended the claim.

The Koenigs initiated this lawsuit against First American Title on May 27, 2004, alleging breach of contract, breach of warranty, breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act, and violation of Article 21.21 of the Texas Insurance Code. First American Title filed a general denial and also alleged an exception to coverage according to the "rights of parties in possession" exception. First American Title then filed a motion for summary judgment, also based on the "rights of parties in possession" exception, which was granted. This appeal followed.

### DISCUSSION

In their sole issue on appeal, the Koenigs' assert the trial court erred in grant-

ing First American Title's motion for summary judgment.

## I. Standard of Review

■ Whether an insurer owes its insured a duty to defend is a question of law, which an appellate court reviews *de novo*. *Huffhines v. State Farm Lloyds,* 167 S.W.3d 493, 496 (Tex.App.-Houston [14th Dist.] 2005, no pet.). An insurer's duty to defend is determined by the "eight corners rule," which requires the court to look solely at the allegations in the pleadings of the underlying lawsuit in light of the policy provisions, regardless of the truth of the allegations. *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,* 197 S.W.3d 305, 308 (Tex.2006); *Two Pesos, Inc. v. Gulf Ins. Co.,* 901 S.W.2d 495, 499 (Tex. App.-Houston [14th Dist.] 1995, no pet.). An insurer is required to defend only those cases within the policy coverage. *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus,* 633 S.W.2d 787, 788 (Tex.1982). Under the "eight corners rule," the insurer has no duty to look beyond the policy and the pleadings in determining whether to defend the suit. *Nat. Union Fire Ins. Co. of Pittsburgh v. Merchant's Fast Motor Lines, Inc.,* 939 S.W.2d 139, 141 (Tex.1997) (per curiam); *State Farm Lloyds v. Kessler,* 932 S.W.2d 732, 736–37 (Tex.App.-Fort Worth 1996, writ denied). The pleadings must be liberally construed in the insured's favor, but the interpretation must be fair and reasonable. *GuideOne,* 197 S.W.3d at 308; *Kessler,* 932 S.W.2d at 736.

■ When reviewing the pleadings, the facts alleged by the underlying plain-

tiff must be accepted as true for the purposes of determining coverage. *Nat. Union Fire Ins.,* 939 S.W.2d at 141. "The duty to defend is not affected by facts ascertained before suit, developed in the process of litigation, or by the ultimate outcome of the suit." *Trinity Universal Ins. Co. v. Cowan,* 945 S.W.2d 819, 829 (Tex.1997); *see also GuideOne,* 197 S.W.3d at 308–10 (refusing to recognize an exception to the "eight corners rule" to consider evidence relating both to coverage and liability). If the plaintiff's petition in the underlying lawsuit only alleges facts for which coverage would be excluded by the policy, then the insurer has no obligation to defend the lawsuit. *McManus,* 633 S.W.2d at 788. The actual outcome of the underlying litigation should not be considered. *See Kessler,* 932 S.W.2d at 736.

When applying the title insurance policy exception for "rights of parties in possession," [1] the purchaser of the title insurance policy and property must have notice of the possession of property by a third party. *See Smith v. McCarthy,* 195 S.W.3d 301, 308 (Tex.App.-Fort Worth 2006, pet. denied). Possession must be open and visible, notorious, exclusive and not merely constructive. *Shaver v. National Title & Abstract Co.,* 361 S.W.2d 867, 869 (Tex. 1962), *overruled on other grounds by S. Title Guar. Co., Inc. v. Prendergast,* 494 S.W.2d 154 (Tex.1973); *Smith,* 195 S.W.3d at 308.

## II. Public Policy Underlying the Duty to Defend

The Koenigs argue First American Title denied their claim only because the claim

---

**1.** Schedule B of the Title Insurance Policy reads:

We do not cover loss, costs, attorney's fees and expenses resulting from:

. . .

6. The following matters and all terms of the documents creating or offering evidence of the matters (We must insert matters or delete this exception):

. . .

b. Rights of Parties in Possession.

is based on adverse possession, and because an adverse possession claim requires facts to be pleaded that the claim is actual, open and hostile, all adverse possession claims fall within the "rights of parties in possession" title policy exception. First American Title disagrees and contends it denied the claim because it considered the facts alleged by the Arnolds in their petition.

 The "rights of parties in possession" exception is a standard exception from coverage and relates to claims such as adverse possession. *See Zimmerman v. Chicago Title Ins. Co.*, 28 S.W.3d 584, 586 (Tex.App.-Austin 1999, no pet.). Coverage, however, is not determined by the cause of action but by the facts giving rise to the alleged actionable conduct. *Adamo v. State Farm Lloyds Co.*, 853 S.W.2d 673, 676 (Tex.App.-Houston [14th Dist.] 1993), *writ denied*, 864 S.W.2d 491 (1993). The insurer is entitled to rely on the plaintiff's allegations in determining whether the facts are within policy coverage. *McManus*, 633 S.W.2d at 788. An allegation of adverse possession alone is not sufficient for a claim to fall within the policy exception for "rights of parties in possession;" the petition must contain factual allegations that establish notice of possession by a third party. *See Shaver*, 361 S.W.2d at 869. The rationale for the policy exception for "rights of parties in possession," at least in part, is that possession of land by a third party should put the insured on notice of an adverse interest. *Zimmerman*, 28 S.W.3d at 586. An insurer's duty to defend an adverse possession claim is not based on the legal theory behind the cause of action; rather it is based on the facts pleaded by the underlying plaintiff giving rise to the actionable conduct.

### III. Did First American Title Owe the Koenigs a Duty to Defend Based on the Factual Allegations in the Pleadings from the Underlying Suit?

 The Arnolds' original petition contains the following factual allegations:

- The strip of property in question lies between the garage on the Koenigs' property and the Arnolds' yard;
- The Arnolds' predecessors fenced off the disputed property in the early 1950's, using the wall of the Koenigs' garage as a fence, and the property has been continually fenced since that time;
- The Arnolds' predecessors in title completely fenced the backyard and excluded the Koenigs' predecessors in title from the subject property since the early 1950's;
- The property in question has been landscaped by the Arnolds and their predecessors, and the property contains the largest trees on that property;
- During most of the period of the Arnolds' ownership, large dogs have protected the property;
- The Koenigs wanted to build a garage apartment and would require one foot width of the 40 inch strip of property;
- The Arnolds' allowed the Koenigs to construct a fence approximately one foot from the Koenigs' garage, leaving 28 inches of the 40–inch width on the Arnolds' side of the fence; and
- The newly built fence is eight feet in height and the parties equally shared in the cost of the newly built fence.

The Koenigs argue the facts alleged by the Arnolds in their petition do not show the Koenigs could have had notice of any claim by the Arnolds to the disputed property. They contend the fence identified in

the Arnolds' petition did not enclose the area being claimed, but they point to no allegations in the petition to support this argument. They also contend their garage wall, allegedly used by the Arnolds and the Arnolds' predecessors to enclose the property, was insufficient means to put the Koenigs on notice. They argue a garage wall is usually built to enclose a garage, not to act as a fence or demarcation of a boundary. The Koenigs also claim the Arnolds admitted that no one built a fence surrounding the property claimed, but they do not indicate where in the Arnolds' petition this allegation can be found. The Arnolds' petition contains no such assertions.

The "rights of parties in possession" exception applies if the nature of the possession alleged is such that it charges the purchaser with notice of a third party's possession. *Shaver*, 361 S.W.2d at 869. An insured is on notice if the possession is open, visible, unequivocal, exclusive, hostile, and actual rather than constructive. *Zimmerman*, 28 S.W.3d at 586. A fence separated the two residential properties,[2] the Arnolds landscaped the property by planting trees on the disputed property, and the Arnolds' large dogs utilized the property. In addition, the Arnolds and the Koenigs discussed building an actual fence away from the Koenigs' garage, and according to the Arnolds' peti-

tion, the Arnolds allowed the Koenigs to install a fence one foot further onto their alleged property. When taking these facts as true, as we must, the Arnolds' possession of the disputed strip of property was open and visible, notorious, exclusive, and not merely constructive. *See Nat. Union Fire Ins.*, 939 S.W.2d at 141. The Koenigs had notice of a potential dispute with the Arnolds because the Arnolds were in actual possession of the disputed strip of property.

### CONCLUSION

We overrule the Koenigs' sole issue on appeal and affirm the judgment of the trial court.

---

**2.** In one argument in support of their issue on appeal, the Koenigs claim that the Arnolds' fence is a "casual fence" as opposed to a "designedly enclosed" fence; therefore, the fence is not sufficient to provide notice of an adverse claim to their property. *See Rhodes v. Cahill*, 802 S.W.2d 643, 646 (Tex.1990); *McAllister v. Samuels*, 857 S.W.2d 768, 777 (Tex.App.-Houston [14th Dist.] 1993, no pet.). A fence is a "casual fence" if the fence existed before the claimant took possession of the land, and the claimant fails to demonstrate the purpose for which the fence was erected. *Id.* Assuming *arguendo* that the "casual fence"

analysis applies, the Arnolds' petition alleges that the Arnolds' predecessors in title "completely fenced the backyard" and "excluded [the Koenigs'] predecessors in title from the subject property since the early 1950's." For the purposes of our coverage analysis, we accept the allegations in the Arnolds' pleadings as true. *See GuideOne*, 197 S.W.3d at 308. Therefore, by alleging that the purpose of the fence was to exclude the Koenigs' predecessors in title, the Arnolds defeated the casual fence argument asserted by the Koenigs. *See McAllister*, 857 S.W.2d at 777.