Affirmed and Opinion filed December 14, 2006








Affirmed and Opinion filed December 14, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00209-CV

____________

 

MICHAEL KOENIG AND DEBORAH KOENIG, Appellants

 

V.

 

FIRST AMERICAN TITLE INSURANCE
COMPANY OF TEXAS, Appellee

 



 

On Appeal from the 270th
Judicial District

Harris County, Texas

Trial Court Cause No. 2004-27542

 



 

O P I N I O N

This case involves the effect of a Arights of parties
in possession@ exception to coverage in a title insurance policy. 
Appellants, Michael and Deborah Koenig (the AKoenigs@), appeal the
trial court=s granting of summary judgment in favor of appellee,
First American Title Insurance Company of Texas (AFirst American
Title@).  We affirm.  

 

 








Factual and Procedural Background

The Koenigs filed suit against First American Title to
recover benefits under a title insurance policy issued by First American Title
to the Koenigs on April 1, 1999.  On November 4, 2003, Scott and Lisa Arnold
(the AArnolds@) filed suit
against the Koenigs claiming title by adverse possession to a 40 inch by 45
foot strip of property situated between the Koenigs= garage and the
official property line (the Adisputed property@).  The Arnolds
based their claim on a fence built by the Arnolds= predecessors in
title, which the Arnolds claimed fully enclosed the disputed property.  After
First American Title denied coverage to defend the Arnolds= claim, the
Koenigs hired an attorney at their own expense and successfully defended the
claim.  

The Koenigs initiated this lawsuit against First American
Title on May 27, 2004, alleging breach of contract, breach of warranty, breach
of the duty of good faith and fair dealing, violation of the Texas Deceptive
Trade Practices Act, and violation of Article 21.21 of the Texas Insurance
Code.  First American Title filed a general denial and also alleged an
exception to coverage according to the Arights of parties
in possession@ exception.  First American Title then filed a motion
for summary judgment, also based on the Arights of parties
in possession@ exception, which was granted.  This appeal followed. 


Discussion

In their sole issue on appeal, the Koenigs= assert the trial
court erred in granting First American Title=s motion for
summary judgment. 

I.                   
Standard of Review








Whether an insurer owes its insured a duty to defend is
a question of law, which an appellate court reviews de novo.  Huffhines
v. State Farm Lloyds, 167 S.W.3d 493, 496 (Tex. App.CHouston [14th Dist.] 2005 no pet.).  An
insurer=s duty to
defend is determined by the Aeight
corners rule,@ which
requires the court to look solely at the allegations in the pleadings of the
underlying lawsuit in light of the policy provisions, regardless of the truth
of the allegations.  GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,
197 S.W.3d 305, 308 (Tex. 2006); Two Pesos, Inc. v. Gulf Ins. Co., 901
S.W.2d 495, 499 (Tex. App.CHouston
[14th Dist.] 1995, no pet.).  An insurer is required to defend only those cases
within the policy coverage.  Fidelity & Guar. Ins. Underwriters, Inc. v.
McManus, 633 S.W.2d 787, 788 (Tex. 1982).  Under the Aeight corners rule,@ the insurer has no duty to
look beyond the policy and the pleadings in determining whether to defend the
suit.  Nat. Union Fire Ins. Co. of Pittsburgh v. Merchant=s Fast Motor Lines, Inc.,
939 S.W.2d 139, 141  (Tex. 1997) (per curiam); State Farm Lloyds v. Kessler,
932 S.W.2d 732, 736B37
(Tex. App.CFort Worth
1996, writ denied).  The pleadings must be liberally construed in the insured=s favor, but the
interpretation must be fair and reasonable.  GuideOne, 197 S.W.3d at
308; Kessler, 932 S.W.2d at
736.

When reviewing the pleadings, the facts alleged by the
underlying plaintiff must be accepted as true for the purposes of determining
coverage.  Nat. Union Fire Ins., 939 S.W.2d at 141.  AThe duty to defend
is not affected by facts ascertained before suit, developed in the process of
litigation, or by the ultimate outcome of the suit.@  Trinity
Universal Ins. Co. v. Cowan, 945 S.W.2d 819, 829 (Tex. 1997); see also
GuideOne, 197 S.W.3d at 308B10  (refusing to recognize an exception to
the Aeight corners rule@ to consider
evidence relating both to coverage and liability).  If the plaintiff=s petition in the
underlying lawsuit only alleges facts for which coverage would be excluded by
the policy, then the insurer has no obligation to defend the lawsuit.  McManus,
633 S.W.2d at 788.  The actual outcome of the underlying litigation should not
be considered.  See Kessler, 932 S.W.2d at 736.  








When applying the title insurance policy exception for Arights of parties
in possession,@[1] the purchaser of
the title insurance policy and property must have notice of the possession of
property by a third party.  See Smith v. McCarthy, 195 S.W.3d 301, 308
(Tex. App.CFort Worth 2006, pet. denied).  Possession must be
open and visible, notorious, exclusive and not merely constructive.  Shaver
v. National Title &  Abstract Co., 361 S.W.2d 867, 869 (Tex. 1962), overruled
on other grounds by S. Title Guar. Co., Inc. v. Prendergast, 494 S.W.2d 154
(Tex. 1978); Smith, 195 S.W.3d at 308. 

II.                
Public Policy Underlying the Duty to Defend 

The Koenigs argue First American Title denied their
claim only because the claim is based on adverse possession, and because an
adverse possession claim requires facts to be pleaded that the claim is actual,
open and hostile, all adverse possession claims fall within the Arights of parties in
possession@ title
policy exception.  First American Title disagrees and contends it denied the
claim because it considered the facts alleged by the Arnolds in their
petition.  








The Arights
of parties in possession@
exception is a standard exception from coverage and relates to claims such as
adverse possession.  See Zimmerman v. Chicago Title Ins. Co., 28 S.W.3d
584, 586 (Tex. App.CAustin
1999, no pet.).  Coverage, however, is not  determined by the cause of action
but by the facts giving rise to the alleged actionable conduct.  Adamo v.
State Farm Lloyds Co., 853 S.W.2d 673, 676 (Tex. App.CHouston [14th Dist.] 1993),
writ denied, 864 S.W.2d 491 (1993).  The insurer is entitled to
rely on the plaintiff=s
allegations in determining whether the facts are within policy coverage.  McManus,
633 S.W.2d at 788.  An allegation of adverse possession alone is not
sufficient for a claim to fall within the policy exception for Arights of parties in
possession;@ the
petition must contain factual allegations that establish notice of possession
by a third party.  See Shaver, 361 S.W.2d at 869.  The rationale for the
policy exception for Arights
of parties in possession,@
at least in part, is that possession of land by a third party should put the
insured on notice of an adverse interest.  Zimmerman, 28 S.W.3d at 586. 
An insurer=s duty to
defend an adverse possession claim is not based on the legal theory behind the
cause of action; rather it is based on the facts pleaded by the underlying
plaintiff giving rise to the actionable conduct.  

III.              
Did First American Title Owe the Koenigs a Duty to Defend Based on the
Factual Allegations in the Pleadings from the Underlying Suit?

The Arnolds=
original petition contains the following factual allegations:

$                  
The strip of property in question lies between the garage on the
Koenigs= property and
the Arnolds= yard;

$                  
The Arnolds= predecessors fenced off the
disputed property in the early 1950's, using the wall of the Koenigs= garage as a fence, and the property
has been continually fenced since that time;

$                  
The Arnolds=
predecessors in title completely fenced the backyard and excluded the Koenigs= predecessors in title from the subject property since
the early 1950's;

$                  
The property in
question has been landscaped by the Arnolds and their predecessors, and the
property contains the largest trees on that property;

$                  
During most of
the period of the Arnolds= ownership, large dogs have
protected the property;

$                  
The Koenigs
wanted to build a garage apartment and would require one foot width of the 40
inch strip of property;

$                  
The Arnolds= allowed the Koenigs to construct a
fence approximately one foot from the Koenigs= garage, leaving 28 inches of the 40-inch width on
the Arnolds= side of the fence; and

$                  
The
newly built fence is eight feet in height and the parties equally shared in the
cost of the newly built fence.








The Koenigs argue the facts alleged by the Arnolds in their
petition do not show the Koenigs could have had notice of any claim by the
Arnolds to the disputed property.  They contend the fence identified in the
Arnolds= petition did not
enclose the area being claimed, but they point to no allegations in the
petition to support this argument.  They also contend their garage wall,
allegedly used by the Arnolds and the Arnolds= predecessors to
enclose the property, was insufficient means to put the Koenigs on notice. 
They argue a garage wall is usually built to enclose a garage, not to act as a
fence or demarcation of a boundary.  The Koenigs also claim the Arnolds
admitted that no one built a fence surrounding the property claimed, but they
do not indicate where in the Arnolds= petition this
allegation can be found.  The Arnolds= petition 
contains no such assertions.    








The Arights of parties in possession@ exception applies
if the nature of the possession alleged is such that it charges the purchaser
with notice of a third party=s possession.  Shaver, 361 S.W.2d
at 869.  An insured is on notice if the possession is open, visible,
unequivocal, exclusive, hostile, and actual rather than constructive.  Zimmerman,
28 S.W.3d at 586.  A fence separated the two residential properties,[2]
the Arnolds landscaped the property by planting trees on the disputed property,
and the Arnolds= large dogs utilized the property.  In
addition, the Arnolds and the Koenigs discussed building an actual fence away
from the Koenigs= garage, and according to the Arnolds= petition, the
Arnolds allowed the Koenigs to install a fence one foot further onto their
alleged property.  When taking these facts as true, as we must, the Arnolds= possession of the
disputed strip of property was open and visible, notorious, exclusive, and not
merely constructive.  See Nat. Union Fire Ins., 939 S.W.2d at
141.  The Koenigs had notice of a potential dispute with the Arnolds because
the Arnolds were in actual possession of the disputed strip of property.   

Conclusion

We overrule the Koenigs= sole issue on
appeal and affirm the judgment of the trial court.  

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Opinion filed December 14, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.









[1]  Schedule B of the Title Insurance Policy reads: 

We do not cover loss, costs, attorney=s fees and expenses resulting from:

. . . 

6. The following matters and all terms of the
documents creating or offering evidence of the matters (We must insert matters
or delete this exception):

. . . 

b. Rights
of Parties in Possession.





[2]  In one argument in support of their issue on appeal,
the Koenigs claim that the Arnolds=
fence is a Acasual fence@ as
opposed to a Adesignedly enclosed@
fence; therefore, the fence is not sufficient to provide notice of an adverse
claim to their property.  See Rhodes v. Cahill, 802 S.W.2d 643, 646
(Tex. 1990);  McAllister v. Samuels, 857 S.W.2d 768, 777 (Tex.
App.CHouston [14th Dist.] 1993, no pet.).  A fence is a Acasual fence@ if
the fence existed before the claimant took possession of the land, and the
claimant fails to demonstrate the purpose for which the fence was erected.  Id. 
Assuming arguendo that the Acasual
fence@ analysis applies, the Arnolds= petition alleges that the Arnolds= predecessors in title Acompletely fenced the backyard@
and Aexcluded [the Koenigs=] predecessors in title from the subject property since the early
1950's.@  For the purposes of our coverage analysis, we accept
the allegations in the Arnolds= pleadings as
true.  See GuideOne, 197 S.W.3d at 308.  Therefore, by alleging that the
purpose of the fence was to exclude the Koenigs= predecessors in title, the Arnolds defeated the casual fence argument
asserted by the Koenigs.  See McAallister, 857 S.W.2d at 777.