**Robert L. HALVORSON et ux., Appellants,**

**v.**

**NATIONAL TITLE AND ABSTRACT COMPANY et al., Appellees.**

**No. 135.**

Court of Civil Appeals of Texas.

Tyler.

May 27, 1965.

Barnett M. Goodstein, Dallas, for appellant.

George C. Dunlap, Lyne, Blanchette, Smith & Shelton, Dallas, for appellees.

SELLERS, Justice.

Appellants, Robert L. Halvorson and wife, plaintiffs in the trial court, brought this suit against appellees, National Title and Abstract Company and the Title Guarantee Company, defendants in the trial court, to recover upon a title insurance policy issued by appellees to appellants, insuring the title to a house and lot located in Richardson, Dallas County, Texas, the date of purchase being April 9, 1959.

At the time and before the purchase of this property by appellants, it is an admitted fact that appellant, Robert L. Halvorson, went upon the property and observed a power line running along the west side of the property. While none of the poles were actually on the property, the power lines were extended over and along the west side of the property on poles just off the property which were clearly visible. This power line was owned by Texas Power & Light Company and was constructed upon an easement secured by it in 1917, which extended 50 feet on each side of the center line and was duly recorded in the deed records of Dallas County, Texas. It is not contended here that the 1917 easement did not authorize Texas Power & Light Company to construct the line as it existed at the time this suit was brought. In 1958, the City of Richardson granted to the same company an easement over an addition of the City of Richardson along the same center line of the 1917 easement but limited the width of this easement to 15 feet.

At the time of appellants' purchase of the property, this easement was of record and the power line as it existed was constructed within the boundary of the 15-foot easement and carried voltage of 69,000 volts. After the purchase of this property by appellants, the Texas Power & Light Company constructed along this same center line new poles and lines carrying a voltage of 138,000 volts on crossbars extending beyond the 15-foot limits in the easement granted by the City of Richardson.

It is alleged by appellants that this second line, with its 138,000 volts, damaged their property in that the same made the occupancy of said property exposed to a dangerous current of electricity. It is the contention of appellants that the title policy issued to them by appellees guaranteed to them a title to the property free of the 1917 easement of the Texas Power & Light Company under which the new power line was constructed; and for this reason, appellants sought to recover damages against appellees based solely upon the title insurance policy.

The appellees defended on the sole ground that the title policy contained an exception to its liability which precludes appellants from recovering against appellees. The exception from liability contained in the policy relied upon by appellees is "Rights of Parties in Possession."

Both parties filed motions for summary judgment; and after a hearing, the court granted appellees' motion and denied the one of appellants. From this judgment the appellants have duly prosecuted this appeal.

Appellants make the contention that the above exception cannot be relied upon by appellees. We take the following from appellants' brief:

"The Appellees in this case are relying on the Exception #5, 'Rights of Parties in Possession' Article 9.03, Insurance Code, V.A.C.S., states that Title Insurance Companies

" 'shall operate in Texas under the control and supervision, and under such uniform rules and regulations as to forms of policies and underwriting contracts and premiums therefor, as may be from time to time prescribed by the Board; and no Texas or foreign corporation, whether incorporated under this chapter or any other law of the State of Texas shall be permitted to issue any title policy of any character, or underwriting contract, on Texas property other than under this chapter, and under such rules and regulations.'

"Pursuant to this statute, the Board of Insurance Commissioners promulgated a 'Basic Manual of Rules, Rates and Forms'. As stated in said manual, title insurers are permitted to insert, as a general exception to the policy's guaranty, the language 'rights of parties in possession'. The manual does not define the scope of this exception, but prescribes the condition of its use as follows:

" '4. *Provision for Exception in Owners Policy of Parties in possession.*'—In an Owner's policy, where insured waives inspection, and is satisfied to accept the policy subject to the rights of parties in possession, the issuing company shall have the right to make general exception as to 'Rights of Parties in Possession'. In all such cases, however, company must obtain written waiver from insured, which waiver must be retained and preserved by the issuing company.' "

We overrule this contention of appellants and hold that the rule relied upon by appellees as applying only where purchaser waives inspection of the property. As stated above, appellant went upon the property and made inspection and actually observed the power lines crossing the property.

The provision contained in the policy is the same as that considered by the Supreme Court in the case of Shaver v. National Title & Abstract Co., 361 S.W.2d 867, 98 A.L.R.2d 531, "Rights of Parties in Possession." As we construe this case, it holds that in order to operate as notice of a claim to the land occupied, possession must be open and visible, notorious, exclusive and not merely constructive.

The remaining question then, Was the power line that was in existence and crossing the property purchased by the appellants sufficient to put them on notice of Texas Power & Light Company's rights to possession? We are of the opinion that it was.

We find this expression in 29 C.J.S. Electricity § 16, page 971:

"A person acquiring title to land with actual or constructive notice of an easement or right of way therein for an electric line take subject thereto, as does the tenant of the landowner."

In the case of Markley et al. v. Christen et al., Tex.Civ.App., 226 S.W. 150, the court used this language:

"The sight or knowledge of structures, or other visible material objects, such as roads, wires, or poles connected with or on the land, might reasonably suggest some easement, license, or other similar right. Whenever it appears that a party obtains knowledge and information that are sufficient to put a prudent man upon inquiry, then

the inference will arise that he obtained such information."

Other assignments not discussed above have been considered and are deemed without merit and are overruled.

The judgment of the trial court is affirmed.