Ervin R. JUPE et ux., Appellants,

v.

CITY OF SCHERTZ, Texas, Appellee.

No. 16441.

Court of Civil Appeals of Texas, San Antonio.

July 25, 1980.

William M. Porter, San Antonio, for appellants.

Richard W. Harris, Joseph B. Dibrell, San Antonio, Denver F. Perkins, Gonzales, for appellee.

## OPINION

MURRAY, Justice.

The City of Schertz, Texas, appellee, filed this suit to enjoin Ervin R. Jupe and wife, Linda L. Jupe, from maintaining a fence and gate across a thirty–foot strip of land running along the western boundary of their property, contending that the fence had been constructed across land dedicated as a public road. In addition to the answer filed in response to the City's petition, the Jupes filed a third party action against Stewart Title Guaranty Company, its agent, Donegan Abstract Company, Inc., and Ru-bin and Aaron Beck, alleging that they represented and guaranteed to them that the thirty–foot strip of land was a utility easement and part of their lot as opposed to a public road. In their petition the appellants prayed that the abstract company, the title company, and the Becks be held liable for damages in the event the City prevails in its action.

On October 16, 1972, Rubin Beck, as owner, recorded a plat of Deer Haven Subdivision Unit Three, in the Map and Plat Records of Guadalupe County, Texas. In February of 1976, Rubin and Aaron Beck conveyed a lot in this subdivision to the appellants by warranty deed. The conveyance was made "subject to a thirty (30) foot utility easement as shown on plat." The plat included two drives, fifty feet in width, running the full length of the subdivision from east to west. Antler Drive borders the Jupes' lot on the south and Fawn Drive is north of the appellants' property. The only road running from north to south in the subdivision is the "30′ road and utility easement," which abuts the western portion of the Jupes' lot and runs the entire length of the subdivision. The road provides the City with access to its water storage facility, which boarders on the northwest corner of the Jupes' lot.

Before their lot was purchased the Jupes knew that vehicles were traveling over the road. In order to prevent vehicular traffic by anyone other than City employees they constructed a fence and gate across the road and utility easement.

Prior to the trial of the case on the merits the court sustained special exceptions to the Jupes' pleadings against the Becks and entered an order dismissing the Becks as parties to the suit.

The trial was to a jury in the district court of Guadalupe County, Texas. After the close of the evidence the City, the abstract company and the title company moved for an instructed verdict, which was granted by the trial court. From this judgment the Jupes have duly perfected an appeal.

The City contends that Rubin Beck expressly dedicated the easement in question as a road; therefore, the public has a right to the use of the easement free from obstruction by the appellants. The dedication contained on the face of the plat recites that the owner dedicates to the use of the public "all streets, . . . easements and public places thereon shown. . . . ."

By their first point of error the Jupes argue that the trial court erred in not submitting a fact issue to the jury to determine whether the thirty–foot strip of land is an easement or a public road.

In support of their contention the appellants rely on certain extrinsic evidence adduced at trial that allegedly establishes that the dedicator never intended the easement to be a public road.[1] We think that the appellants' reliance on this evidence is misplaced.

 In construing a map or plat, the general rules governing the construction of deeds or other instruments granting real property are applicable. *See Priolo v. City of Dallas*, 257 S.W.2d 947, 952 (Tex.Civ. App.—Dallas 1953, writ ref'd n.r.e.). One of these general rules provides that the intent of parties to a deed must be determined from the language used in the instrument. *See Wilson v. Humble Oil & Refining Co.*, 82 S.W.2d 1095, 1096 (Tex.Civ. App.—Texarkana 1935, writ ref'd). Likewise, the plat and the dedicatory affidavit are the principal tools with which the intent of a dedicator is ascertained. *See Copeland v. City of Dallas*, 454 S.W.2d 279, 283 (Tex. Civ.App.—Dallas 1970, writ ref'd n.r.e.); *Shields v. Harris County*, 248 S.W.2d 510, 512 (Tex.Civ.App.—Fort Worth 1952, writ ref'd n.r.e.).

 A road is a strip of land used for purposes of travel and may be either public or private. *See Black's Law Dictionary* 1491–92 (4th rev.ed. 1968). The plat filed by Rubin Beck includes a well–defined thirty–foot road easement and the dedicatory

language contained on the plat "dedicates to the use of the public forever, all streets, alleys, . . . easements and public places . . . ." We hold that this shows a clear intent to dedicate the road for public use. Accordingly, the appellants' first point of error is overruled.

By their second point of error the Jupes complain that the trial court erred in sustaining the special exceptions filed by the Becks and dismissing them from the lawsuit. We agree with this contention.

In their cross–action the Jupes sought damages for misrepresentations made concerning the nature of the easement. They alleged that the Becks represented the thirty–foot strip of land as a utility easement and a road providing the City with access to the water tower. They further alleged that the Becks never advised them that the easement was a public thoroughfare. The deed from the Becks to the Jupes recited that the "property is subject to a thirty (30) foot utility easement as shown on plat" and made no mention of a public road. By way of special exception the Becks contended that the Jupes were not entitled to rely on any representations made because the recorded plat and dedication gave them constructive notice of the road.

 Although a plaintiff, in order to be successful in a suit for fraud, must plead and prove that he was unaware of the falsity of the representations and that he in fact relied on them, it is no defense to such an action that the person defrauded might have discovered the truth had he exercised due care or made an independent investigation. *See Rowntree v. Rice*, 426 S.W.2d 890, 893, 894–95 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.); *Schonrock v. Taylor*, 212 S.W.2d 260, 263 (Tex.Civ.App.—Austin 1948, writ ref'd).

It is unarguable that an easement dedicated as a public thoroughfare is more burdensome to the landowner than a utility easement. Thus, a statement that a public road is merely a utility easement is clearly a material misrepresentation.

---

1. For example, Rubin Beck, the dedicator of Deer Haven Subdivision Unit 3, testified that he never intended the thirty–foot strip of land to be a public road; rather, he intended to give the City a utility easement and a right of ingress and egress to service the water tower.

We hold that the Jupes' cross–action alleges a cause of action against the Becks; therefore, the trial court erred in sustaining the special exceptions and dismissing the Becks from the lawsuit.

By point of error number three, the Jupes argue that the trial court erred in instructing a verdict for the title company. In support of this contention the appellants reason that although the policy was issued subject to a thirty–foot utility easement, it was not made subject to a public road.

The title policy excepted from coverage "[r]ights of parties in possession" and also provided that the title company did not insure against loss or damage by reason of any encumbrance or adverse claim known to the insured at the time of the issuance of the policy. It is the title company's position that the use of the road by the City and the public constituted possession within the meaning of the policy and that this possession obligated the Jupes to inquire about the right of the public to use the road. We agree.

Eighteen years ago our supreme court construed a title policy containing the same clause that is relied on by the title company in the instant case. The court indicated that the phrase "subject to the 'rights of the parties in possession'" is applicable only if the purchaser has notice of the third party's possession. *See Shaver v. National Title & Abstract Co.*, 361 S.W.2d 867, 869–70 (Tex.1962).[2] In order to constitute notice the possession must consist of open acts of occupancy sufficient to put a purchaser on notice concerning the rights of the possessor. *Id.* at 869; *see Halvorson v. National Title & Abstract Co.*, 391 S.W.2d 112, 114 (Tex.Civ.App.—Tyler 1965, no writ).

At the time of the issuance of the title policy the Jupes were aware of the gravel road, which was obviously traveled over by vehicles between Fawn and Antler Drives. Although Mr. Jupe discussed the nature of the easement with Rubin Beck, neither of the appellants asked the City about the character of the road.

We hold that the possession by the City and the public was sufficient to obligate the Jupes to inquire about the public's right to use the road. Accordingly, point of error number three is overruled.

The Jupes' last point of error complains of the action of the trial court in not assessing attorney's fees against the title company. We overrule this point.

The appellants reason that the policy obligated the title company to defend the Jupes in this action; that the company was notified that the City had filed suit against the Jupes; that the title company's refusal to defend this action necessitated the retaining of an attorney to represent the Jupes; and that expenses were thereby incurred in defending this action, which the title company is liable for.

Since the title policy expressly provides that the company is not required "to defend against any claims based upon matters" excluded from coverage, our holding overruling point of error number three disposes of the appellants' claim for attorney's fees.

The judgment of the trial court in favor of the Becks is reversed and the cause is remanded. The judgment of the trial court in favor of the City of Schertz, Stewart Title Guaranty Company, and Donegan Abstract Company, Inc., is affirmed.

CADENA, Chief Justice, dissenting.

I do not agree with that portion of the majority opinion affirming the instructed verdict in favor of the title company.

The portion of the title policy which excludes from coverage "[r]ights of parties in possession" is inapplicable unless we ignore the rule that exceptions in an insurance policy are to be strictly construed in favor of the insured where the language is reasonably susceptible to more than one construction. 32 Tex.Jur.2d *Insurance* § 59 (1962).

---

2. In 1973 the supreme court partially overruled *Shaver* on a different point. *See Southern Title*

*Guaranty Co. v. Prendergast*, 494 S.W.2d 154, 158 (Tex.1973).

An easement is an interest in land which is in the possession of another. 5 Restatement of Property § 450, comments a and b (1944). It is this nonpossessory character of easements which results in their classification as incorporeal interests. *Id.* comment c. Since the holder of an easement has merely a right of user in the servient tenement, he cannot be said to be in possession of the land subject to the easement and it is incorrect to assert that he takes "possession" of the easement unless we construe the term "possession" in an unusual manner in order to construe the exception in favor of the insurer. *See* 2 G. Thompson, Real Property § 315, at 11 (repl. 1961).

Since a person exercising his right to traverse the land of another is not in possession of the land which is subject to the right–of–way, his exercise of his right under the easement constitutes no notice under the exclusion in question or the familiar rule of law concerning rights of possessors which the exclusion incorporates.

The evidence that, prior to the date of the policy, the Jupes had notice that the road in question was being used by the public is, in my opinion, so meager that it cannot support the instruction of a verdict in favor of the title company.