Court of Appeals No. 04-14-00497-CV
Trial Court No. 12-1923-CV

---

IN THE
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS

---

DAVID GOAD
Appellant,

v.

THE COUNTY OF GUADALUPE, TEXAS,
Appelle.

---

OBJECTION TO APPELLEE'S MOTION TO REMAND TO TRIAL
COURT FOR NON-SUIT

---

TO THE HONORABLE COURT OF APPEALS:

1. Appellant, David Goad (Goad), brings this OBJECTION to convince the Court that dismissing this case is not in the best interest of justice, the appellant (his daughters), or the people of Texas.

2. Found in Goad's Notice of Appeal "5. *This appeal involves Fraud upon the Court by the District Clerk Debi Crow, and other powerful Guadalupe County Officials.*" Since this appeal was filed, Goad has learned that his alligations noted above are an understatement to say the least.

3. Now, we have Matthew Tepper, attorney for the appelle, brings yet more deception. He claims, "*I attempted to confer*" in his Certificate of Conference. I suppose this means he "thought" about conferring, therefore he considers the attempt made. Please order Mr. Tepper to produce his phone records to 830-515-2052 or anything else, which disproves his deception. I have never in my life, living in five states over nearly 60 years witnessed attorneys and public

officials who lie. cheat. and steal as they do here. Why. because no one in this state has the brass to change course.

4. The property in question is a lot at Zuehl Airfield Goad purchased under the Texas Gift to Minors Act. to assist his two daughters through college. This Act provides that Goad is custodian of said property until his two daughters reach the age of 21 years. Shortly after the purchase of this lot. a fence was placed across the front of it blocking all public access to a public use roadway. Yes. the same as if Goad had came to your home and placed a fence blocking your access to the road. I know this is impossible. it is unheard of. and it is against the law. HOWEVER. NOT IN TEXAS.

5. Nowhere in the United States can one find this blocking public access (a legal search was conducted from the U.S. Supreme Court down through each state) except in Texas. Not only can it not be found elsewhere. some idiot had already tried the same litigation in *Jupe v. City of Schertz*, 604 S.W. 2d 405 (Tex.App.-San Antonio1980). Both subdivision map(s) in the Jupe case and at Zuehl Airfield contained the exact same wording regarding access to public use roadways (grants provided by the lawful landowner (subdivider)). Yet. the judge(s) allowed over a million dollars to be spent on litigation costs. and it is still going on. In fact. 85 year old Dorothy Golding and Goad are before this court on appeal from another Zuehl case surrounding the same lot. BUT. the decision in Jupe upheld by this court supported Goad. BUT ignored by all the judges!!!!

6. Not only did Guadalupe County refuse to allow Goad multiple requests to protest the taxes on a property. which had no public access (fenced out and landlocked). they named Goad's two daughters in a lawsuit in which Goad was custodian and they had no authority to act while under the age of 21. Then behind Goad's back they signed a tax agreement with one daughter to pay the taxes while Goad was appealing said taxes. Goad's daughter feared losing the property and had no authority to sign any agreement until see reached 21 years of age. The taxes then

doubled, and then, were reduced to less than Goad had first paid for the property. Did the attorney from McCreary, Veselka, Bragg & Allen disclose this to the court. NO, why should he, it was more money for his client? And, who is going to do anything about it?

7. Goad then filed a lawsuit for fraud and violations of his constitutional rights against those at the appraisal district (Osborne Exhibit "A' and Strey) the actions of Judge Frieshanan in said suit can only be described as fraud upon the Constitution of the United States, the court, and his oath, see attached complaint. Exhibit "A". Motion for Fair Trial Venue Change, denied without support of statue or law, Exhibit "B", and Motion to Reinstate After Dismissal. Please read the judges comments found within the Agreed Record, Exhibit "C". Judge Friesenhahn dismissed the case for lack of jurisdiction because "*When the documents were stored at the appraisal district and sanitized the appraisal district was involved. I have no jurisdiction in this case.*" Goad did not sue the district, he sued individually. Judge Friesenhahn rejects all Constitutional and Federal law by stating, "*We're going by state law because we're in state court not a federal court.*" while rejecting all case law Goad attempts to present. In addition, Judge Friesenhahn rejects Goad's Motion for Fair Trial Venue Change by stating, "*The problem is it is a Fair Trial Venue Change motion and were not a trial.*" A quick read of the new statute (enacted in 2013) clearly reads its use is to remove the case upon presentation see TRCP 502.4. (e). This is a small sample of the frauds Goad has encountered in Guadalupe, Comal, and Bexar Counties.

8. Do to intimidation and fear my oldest daughter transferred her interest in the lot to her younger sister the day she turned 21 years of age in December 2012. When Goad's second daughter turned 21 in June of 2014, she fire-sold the property. The letters of threatened foreclosure for non-payment of taxes continued, so Goad presumes the new owner feared losing the property and paid the taxes, penalties, court costs and other fees.

9. Not once did Goad appear in court on this tax issue, not once would the court set a hearing date (audio recorded) or otherwise address Goad's many motions, including, but not limited to, Motion for Change of Venue, Special Exceptions and Motion to Dismiss, Request for Jury Trial or even a setting notice. This is a pattern that has gone on for more than 6 years. A pattern the state judicial conduct committee and state bar association refuse to look into. Not even Gregg Abbott would raise a hand when he learned first hand that Guadalupe County Officials (district attorney and the sheriff) conspired to present fabricated evidence to a grand jury for arrest warrants, all surrounding Zuehl Airfield and Goad. Gregg Abbott had the sworn testimony (hearing before Guadalupe County Judge) of a man who was unaware his name had ever been used to secure an indictment and further testimony concluded that the DA and Sheriff fabricated a story and presented it to the grand jury. Just another case of fraud upon the court in Texas!

10. Goad asks this court to allow this appeal to proceed for the good of all citizens within Texas. Surely, if this is happening to one, it is happening too many.

11. Attorney, Tepper asserts under TRCP 162 that he can non-suit this case at this stage, Goad disagrees. The statute is clear, "*At any time* **before** *the plaintiff has introduced all of his evidence other than rebuttal, the plaintiff may dismiss a case, or take a non-suit which shall be entered in the minutes.*" It is safe to say that this case has passed the point subject to TRCP 162. Relying upon the intent of our legislators we have *SPRADLIN v. JIM WALTER HOMES, INC.*, 34 S.W.3d 578, 580 (Tex. 2000) "Presuming that the language of the Texas Constitution is carefully selected, we construe its words as they are generally understood. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148 (Tex.1995). We rely heavily on the plain language of the Constitution's literal text. *Republican Party v. Dietz*, 940 S.W.2d 86, 89 (Tex.1997); *Edgewood Indep. Sch. Dist. v. Kirby*, 777 S.W.2d 391, 394 (Tex.1989). Consistent with these fundamental principles, we "give effect to all the words of a statute and [do] not treat any statutory language

as surplusage[.] if possible." *Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex.1987). We avoid constructions that would render any constitutional provision meaningless or nugatory. *Hanson v. Jordan*, 145 Tex. 320, 198 S.W.2d 262.

12. If you allow this appeal to takes its course, you too will understand why Goad is bashing the judiciary in Texas. All Goad wanted was to provide his two daughters with funding through college and that was taken away in this case and others cases surrounding that lot at Zuehl Airfield.

## REQUEST

13. Appellant, David Goad has two requests. 1. Order Attorney Tepper to produce proof that he "attempted" to confer with David Goad, then we can move for sanctions, and 2. Allow David Goad to complete this appeal, you have only seen a sample of the facts.

Respectfully submitted.

David Goad, Appellant *Pro se*
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-2052

**Certificate of Service**

I certify that a true copy of this **OBJECTION TO APPELLEE'S MOTION TO REMAND TO TRIAL COURT FOR NON-SUIT** was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party on January 12, 2015 as follows:

McCreary, Veselka, Bragg & Allen, P.C.
700 Jeffrey Way, Suite 100
Round Rock, Texas 78665
U.S. Mail

David Goad

EXHIBIT "A"

CAUSE NO. JSC4-4995

| DAVID GOAD | § | IN THE JUSTICE COURT |
| Plaintiff, | § | |
| v. | § | PRECINCT NO. FOUR |
| | § | |
| JAMIE OSBORNE | § | |
| Defendant. | § | GUADALUPE COUNTY, TEXAS |

## FIRST AMENDED COMPLAINT

Plaintiff, David Goad, files this First Amended Complaint and will show the Court the following:

1. Plaintiff, David Goad hereinafter known as "P-DG" resides at: 1154 Rivertree Drive, New Braunfels, Texas 78130.

2. Defendant, Jamie Osborne, hereinafter known as "D-JO" whose work address is at: 3000 North Austin Street, Sequin, Texas 78155. She is being sued individually. This suit does not include Guadalupe County.

3. The real property in question is a one acre parcel purchased under the Texas Gift to Minors Act in September of 2007. **Described as:** *A one acre tract of land situated in Guadalupe County, Texas out of the Jose Flores Survey no. 63, Abstract no. 134, being part of one of those tracts conveyed to Dorothy Buffington Golding and recorded in Volume 483, page 694 of the deed records of Guadalupe County, Texas.*

4. Natalie Goad is the daughter of David Goad; she was a minor by statute at the time of the allegations set fourth herein.

5. All exhibit's submitted (attached hereto), or submitted in future pleadings are incorporated into the pleading, motion, or document of which they are attached are incorporated into and made a part of by reference.

FILED

DATE 9-3-14

J.P. PRECINCT #4 SEGUIN
GUADALUPE COUNTY, TEXAS

- 1 -

## FACTS AND ALLEGATIONS

6. P-DG alleges that D-JO has acted in a manor, and/or commanded others (conspired) in violation of clearly established federal law. and Texas State law to violate P-DG's federally protected rights and take his property

7. P-DG alleges: D-JO committed fraud, conspiracy. intentional or deliberate misconduct which subjected P-DG to the deprivation of his federally protected rights. Some of the acts were discretionary, however, others were not, and in no case, conducted in good faith.

8. P-DG alleges D-JO destroyed or otherwise, with or without conspiracy. "sanitized" the files in which all documents supporting the allegations set fourth in this complaint could be found. When "*sanitized*" is noted at the end or within a sentence. it means that document has been removed from D-JO's records and all the tax records of Guadalupe County.

9. D-JO failed to respond to her own Notice of Protest sent to P-DG on January 14. 2008 "*sanitized.*" Furthermore, D-JO failed to address P-DG's response to said notice "*sanitized.*"

10. D-JO failed to provide P-DG a hearing to protest his taxes after she was noticed on August 3. 2009 "*sanitized.*" August 4. 2009 "*sanitized.*" and on May 31. 2013 "*sanitized.*" Thus denying his due process rights.

11. On April 15, 2014, P-DG meet with D-JO at her office to review the documents within the file regarding the subject property based upon an FOIA request See **Exhibit "A"**. Not one notice from D-JO or P-DG was found or noted in the documents provided to P-DG that day "*sanitized.*"

12. On April 15, 2014, P-DG explained to D-JO that the property in question was fenced-out in 2008 from all public access and therefore its value went to zero. as the property was landlocked and fenced out by a combination of public officials and others. It was clear during

our conversation that D-JO was aware of the federal litigation (RICO) P-DG had brought against her friends and others.

13. On April 15, 2014, P-DG explained to D-JO that she needed to reevaluate (appraise) the property to reflect the facts due to ongoing litigation over the unpaid taxes. As a result of no action on the part of D-JO, a judgment was issued reflecting false/fraudulent tax evolutions against P-DG and his daughter Natalie. At that time Natalie was 20 years old. A young woman who graduated at 15 years old and at age 19 she graduated from UT Austin with a double major. A young woman that now has a judgment against her because of D-JO.

14. On April 15, 2014, at the request of D-JO, P-DG signed a *"Request for Field Inspection"* See **Exhibit "B"** *in* order that D-JO may enter upon said property for evolution purposes. D-JO did not submit her findings, if any, to alter the Tax case.

15. On April 15, 2014, P-DG provided to D-JO a photograph depicting an aircraft on the subject property with a fence across it. See **Exhibit "C1 & C2,"** C2 was created by hand (exact copy of text) due to my email program making it unable to print with the text included (to large).

16. D-JO and others valued the property at the following:

a. $12,500.00 before and after the property had no access (fenced out).

b. Increased to $21,713.00 for 2013.

c. Decreased to $10,956.00 (noted on tax roles) for 2014, however, when P-DG was at D-JO's office on April 15, 2014, the value was noted at under $9,000.00 for 2014? We must take notice that property values all across Texas have risen well in the last year!

### JAMIE OSBORNE HAS NO IMMUNITY WHATSOEVER

17. Government officials performing discretionary functions generally are granted a qualified immunity and "shielded from liability for civil damages insofar as their **conduct does**

- 3 -

not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *"Harlow v. Fitzgerald* U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

18. Government officials acting within their discretionary authority are immune from civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *"Evett v. Detntff,* 330 F.3d 681, 687 (5th Cir. 2003).

19. To determine whether an official is entitled to qualified immunity, two questions must be answered: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, was the defendant's conduct objectively unreasonable in light of clearly established law at the time of the incident. See *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir 1998) (citing *Colston v. Barnhart* (5th Cir. 1997).

20. To overcome a claim of qualified immunity, a plaintiff must establish that the right an official is alleged to have violated was "clearly established." i.e.. sufficiently clearly defined that " a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

## STATE LAW DOES NOT TRUMP FEDERAL LAW

21. In *Howlet v. Rose* 496 U.S. 356, 375 (1990). "state ("including Texas." added by P-DG) law may not immunize § 1983 defendants Congress has subjected to liability." Therefore. any failure of P-DG to exhaust remedies under state law, immunities whether governmental or official (state law), or any other state rule or law is void in this case, except of course, court room procedures. The only reason any attorney would attempt to inject Texas State law to gain

-4-

immunity in this case, would be to extract attorney fees from the hard working Guadalupe County tax payers. P-DG reserves to later move for sanctions against any attorney who would play/played such a game.

22. The United States Supreme Court in *Gomez v. Toledo* 466 U.S. 635 (1980), found that §1983 itself requires only two essential allegations: "By the plain terms of §1983, two-and-only two allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who deprived him of that right acted under color of state or territorial law." and now in *Ashcroft v. Iqbal*, 129 S. Ct 1937 (2009) §1983 complaints now must contain factual allegations constituting a plausible claim.

23. The United States Supreme Court has established that *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be liberally construed in the plaintiff's favor, see *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

24. The United States Supreme Court, in *Felder v. Casey* 487 U.S. 131, 138 (1988), stated in the same breath that while "[n]o one disputes the general and unassailable proposition...that States may establish the rules of procedure governing litigation in their own courts[.]... by the same token, however, where state courts entertain a federally created cause of action, " **the federal right cannot be defeated by the forms of local practice.**"(quoting *Brown v. Western Ry.*, 338 U.S. 294, 296 (1949).

## CONCLUSION

25. D-JO, acts under the color of state law in her acts and in concert with the same or similar acts by many officials from within Guadalupe County (Judge Steel, Judge Kirkendall, Judge Old, Judge Sachtleben (aka The Black Robe Syndicate of Texas), Guadalupe County

District Attorney , Guadalupe County District Clerk, Debi Crow, Guadalupe County Sherriff Zwicke. the altering ("sanitizing") of officials records by court clerks, DA. Sherriff, court reporters etc. etc. and many others) which have deprived P-DG of property. due process rights. and much, much more for the last seven years. These noted issues were all brought on as a result of P-DG filing litigation under RICO against Guadalupe County Officials.

## REQUEST JUDICIAL NOTICE

26. The following cases will prove that powerful Officials from Guadalupe County can trump-up false criminal charges, have an innocent person put in jail. tortured, and do just about anything they want to do to silence P-DG. It is for this reason that P-DG requests judicial notice of said cases as a clear pattern exists. Furthermore, the jury trial in this case will explore the details of these cases to link D-JO conspiracy with others (similar acts) who have the same goal. Please take note of the following cases:

a. Goad v. Anderson SA08CA0674

b. Zuehl v. Goad 08-1872-CV

c. Goad v. Crow SA11CA1056-OG

d. State of Texas v. Goad 09-0190-CR

e. State of Texas v. Goad C2008-1461C

f. Zuehl v. Goad 2010-Cl 12496, appeal 04-11-00293-CV

g. Goad v. Wyatt JSC2-1000

27. Witnesses and evidence to be presented at the upcoming hearing on September 10. 2014. will provide more than ample facts to bring an indictment against D-JO. and others. from even the most discriminating grand jurors.

# LEGAL FRAMEWORK AND STATEMENTS OF FACT

## Violations of U.S. Constitution, 4th and 14th Amendment, Under Title 42 of the United States Code, §1983, and 1985.

28. "Among the civil rights intended to be protected from discriminatory state action by the Fourteenth Amendment are the rights to acquire, enjoy, own and dispose of property. Equality in the enjoyment of property rights was regarded by the framers of the Fourteenth Amendment as an essential precondition to the realization of other basic civil rights and liberties which the Amendment was intended to guarantee. *Conroy v. Manos*, 679 S.W.2d 124, 133 (Tex.App.-5th Dist., 1984). Rights in property have long been considered basic civil rights which cannot be taken away without just cause and due process.

29. Due Process is that which comports with the deepest notions of what is fair and right and just in law. **U.S. Supreme Court Center,** *see* **http://supreme.justia.com/constitution/amendment-05/16-due-process.html** Due process is violated if a practice or rule "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934). Procedural due process requires the government to adhere to its own rules. **United States** *ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268, 74 S.Ct. 499, 503, 98 L.Ed. 681 (1954) and recognize that the constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decision-making when it acts to deprive a person of his possessions. *Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972).

- 7 -

30. The over assessing of said property was intended to facilitate the taking of that property from the plaintiff. Among the civil rights intended to be protected from discriminatory state action by the Fourteenth Amendment are the rights to acquire, enjoy, own and dispose of property. Equality in the enjoyment of property rights was regarded by the framers of the Fourteenth Amendment as an essential precondition to the realization of other basic civil rights and liberties which the Amendment was intended to guarantee. *Conroy v. Manos*, 679 S.W.2d 124 (Tex.App.-5th Dist., 1984).Rights in property have long been considered basic civil rights which cannot be taken away without just cause and due process.

31. A cause of action for a violation of the 14th Amendment can come under Title 42 of the U.S. Code, which reads in part:

**Sec. 1983. Civil action for deprivation of rights**
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...42 **U.S.C.A. § 1983 (West 1981).**

**Sec. 1985. Conspiracy to interfere with civil rights**
"If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws...or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. 42 **U.S.C.A. § 1985 (West 1981).**

32. State judges and state courts are repositories of state power, and state court action may in some cases amount to a deprivation by a state of rights guaranteed by Fourteenth Amendment to the federal constitution. *Gay v. Heller*, 252 F.2d 313 (C.A.5.Fla., 1958). Congress enacted § 1983 to provide an independent avenue for protection of federal constitutional rights. *Conroy v. Manos*, fn. 1. The remedy was considered necessary because state courts were being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were in league with those who were bent upon abrogation of federally protected rights. *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970, 1980, 80 L.Ed.2d 565 (1984)

## REQUESTS

PLAINTIFF THEREFORE respectfully requests that the Court enter a judgment including, but not limited to:

The costs of actual losses and the maximum amount of damages allowed by the court in which this issue is finally decided, currently not less than $10,000.00.

All attorney's fees and court costs for bringing this Complaint;

All other relief in law and in equity as may be proven at trail; and

Plaintiff requests a jury trial.

Respectfully submitted

David Goad, Plaintiff *pro se*
1154 Rivertree Drive
New Braunfels, Texas 78130
(830)515-2052

-9-

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 3, 2014, this FIRST **AMENDED COMPLAINT** was served on all parties in accordance with Texas Rules of Civil Procedure as set out herein below:

Jeremy R. Sloan, Esq.
16500 San Pedro., Suite 410
San Antonio, Texas 78232
U.S. Mail

David Goad

**DAVID GOAD**
**1154 Rivertree Drive**
**New Braunfels, Texas 78130**
**1983remedies@gmail.com**
**830-515-2052**

April 1, 2014

## FREEDOM OF INFORMATION ACT REQUEST

TO:    The County Appraisal District for Guadalupe County
       josborne@guadalupead.org
       Sequin, Texas 78155

Dear Ms. Osborne:

Pursuant to 5 U.S.C. §522 *et seq.*, and Tex. Gov't. Code. Sec. 552.022(a), I hereby make this request that the following be made ***available for inspection***:

This request surrounds the property described as:

Assessed Name:    Goad David Custodian for Kristin G & Natalie H Goad
                  1.00 Acre, more or less, out of Abstract 134 of the Jose Flores Survey,
                  Guadalupe County, Texas.

Street:           Windsock

Property ID:      107520

1. This request begins after the purchase date of the current owners which would be after the purchase in mid 2007.

1. Please provide the name of the appraiser(s) who conducted the appraisals on said property for taxation purposes. If more than one appraiser was involved please provide a brief explanation as to the tasks each carried out.

2. Please provide the academic background, training, and appraisal history of each appraiser.

3. Please provide a copy and any licenses, certificates and other which illustrate the appraiser's professional background including, but not limited to the issuing authority and dates issued.

*Exhibit "A"*
*page 1 of 2*

4. Please provide access to the originals of all hand written or typed notes. photo's. other properties used as comparables. and all data used to appraise said property. It is important that all amenities. condition of, and notation(s) (including pictures) be provided for the comparables.

5. Please provide the sources and dates gathered for all data used in process of appraising said property.

6. Please provide the legal term and the trade term to define the method in which the appraiser followed to conduct his/her evaluation for the appraisal.

7. If any of the requests are withheld please state the nature of the withheld document or other, and under what legal premise you assert the withholding.

You are welcome to contact me with any questions. preferably by email as listed above. In the event this information is held within a computer or even a paper file. I ask that you to provide me a date, time and location in which I can review. In the event I need copies. I will mark each page in an acceptable manner to accomplish this task after review.

If any of these records do not exist please inform me.

Thank You
David Goad



Exhibit "A"
page 2 of 2

RECEIVED

APR 15 2014

# GUADALUPE APPRAISAL DISTRICT Guadalupe Appraisal District



| | | | |
|---|---|---|---|
| **Main Office** | **Schertz Substation** | **Board of Directors** | **Chief Appraiser** |
| 3000 N. Austin St. | 1101 Elbel Rd. | Dr. Greg Gilcrease-Chair | Jamie Osborne |
| Seguin, Texas 78155 | Schertz, Texas 78154 | Mrs. Thvic Murphy-Vice-Chair | |
| 830.303.3313 | 210.945.9708 Ext. 202 | Mr. Mark Wilson-Secretary | **Deputy Chief Appraiser** |
| 830.372.2874 (Fax) | 210.565.1334 (Fax) | Mr. Darren Dunn-Member | Erich Srey |
| gadprotest@guadalupead.org | | Mr. Louis R. Ramirez, Sr.-Member | |

## REQUEST FOR FIELD INSPECTION

The Guadalupe Appraisal District (G.A.D.) requests your consent as legal owner or authorized agent to inspect property identification #:_____. Acknowledgment below indicates that you are aware of this request for field inspection, and hereby have authority and grant authority to the Guadalupe Appraisal District Chief Appraiser or Chief Appraiser's designee to field inspect the above referenced property for the current January 1st appraisal date for the limited purpose and scope as outlined in §6.01 and §23.01 of the Texas Tax Code, Texas Constitution Article VIII, §1. and 34 Texas Administrative Code, §9.3001.

Please be advised that if request for inspection is granted this inspection will occur after the date indicated below.

☒ Consent for field inspection is granted this the _15th_ day of _Apl_, 20_14_.

☐ No consent for field inspection is granted.

_____
Signature of Legal Owner or Authorized Agent-License#_____

_830-515-2057_
Phone Number
_David Gold_
Printed Name of Legal Owner or Authorized Agent

Acknowledgment of above noted designation:

_RMaroti_
G.A.D. Representative

Exhibit "B"



Exhibit "C₁"

To: Jamie Osborne
jobcrNE@guadalupead.org

4/15/2014



Hola,
attached please find the photo I spoke of.

I wish to memorialize your statements (ap 15, 2014)
wherein your office has no correspondence(s) from myself on the
Guadalupe County Attorney regarding the valuation(s) of the Goad
property at Zuehl Airfield.

Thank you

DAVID GOAD

Exhibit "G2"

# EXHIBIT "B"

CAUSE NO. JSC4-4995

| | | | |
|---|---|---|---|
| DAVID GOAD | | § | IN THE JUSTICE COURT |
| | Plaintiff, | § | |
| v. | | § | |
| | | § | PRECINCT NO. FOUR |
| | | § | |
| JAMIE OSBORNE | | § | |
| | Defendant. | § | |
| | | § | GUADALUPE COUNTY, TEXAS |

## MOTION FOR FAIR TRIAL VENUE CHANGE

Plaintiff, David Goad, bring this MOTION FOR FAIR TRIAL CHANGE as provided under TRCP Part V, Rule 502.4 (c). Plaintiff asserts that he cannot and will not be afforded a fair trail in Guadalupe County or any surrounding Counties, including but not limited to: Comal, Bexar, and Hayes Counties. In these counties, David Goad has suffered the same or similar issues, which precludes him from a fair trial.

1. Furthermore, plaintiff believes any county in which Judge Gary Steel and/or all other judges from Guadalupe County have influence in, will result in the same.

## TRIGGER IN THIS CASE

2. The trigger that has brought this motion (denial of subpoenas) may appear small or trivial, however, when we add this denial together with the mountain of other similar examples of conduct within Guadalupe, Comal, Bexar, and Hayes County Courts, the "conscious is shocked."

3. On September 3, 2014, David Goad presented **PLAINTIFF'S REQUEST FOR A COURT ISSUED SUBPOENA DUCES TECUM.** See attached **Exhibit "A"** incorporated into this document by reference and made a part of (declined and the judge refuses to sign order of denial). It goes on to explain a cost savings to the taxpayers and a *pro se* litigant should be afforded the same rights as an attorney. An attorney is allowed by statute to issue his

own subpoenas for "non-discovery" witnesses at both hearings and at trials. Again, in this case David Goad wishes an equal process (protection) of the law, and the surprise that comes with the right to subpoena a witness. David Goad does not want his witnesses tampered with or intimidated before they go onto the stand.

4. David Goad has called witnesses in the past only to have them arrested on "overstated charges," claims one of the most powerful law firms in San Antonio, whom has represented Mr. Butt and or HEB stores. Many if not hundreds fear being associated with David Goad based upon the intimidation from District Attorneys and law enforcement.

5. So powerful, Texas Attorney General, Gregg Abbott, tied the hands of one of his own attorneys, Steven Todd (Major Crimes and Violent Offenders Section) when Mr. Todd discovered Guadalupe County District Attorney Heather McMinn, fka Heather Hollub had knowingly presented false information to a grand jury to indict David Goad. See The State of Texas v. Goad Case number 09-0190-CR. One witness named in the indictment (listed) DID NOT EVEN KNOW HIS NAME WAS ON AN INDICTMENT. Mr. Todd, rather than move for dismissal, took the evidence back to the same grand jury that first approved the indictment, as a result, the indictment was issued a "no bill," if I stated "no bill" correctly. Is this because the attorney general did not want his hands unclean, before the powerful in Guadalupe County, would this have harmed his run for governor?

6. David Goad attempted to present to Mr. Todd addition "joint action" by Comal District Attorney Jennifer Tharp. David Goad alleged Ms. Tharp had "sanitized" certain police officer recordings (among other issues) in New Braunfels, Comal County, in The State of Texas v. Goad Case number C2008-1461C. In this case David Goad was ordered not to see his children for two years, even after the lady from child protective services (from Guadalupe County) was recorded stating that David Goad had not physically abused his daughter(s), the foundation of the case. To make a long story short, Mr. Todd responded with "my hands are

tied" when David Goad asked if he was going to prosecute Ms. Hollub and other powerful Guadalupe County Officials. As a result. many other frauds upon the court have taken place and continue to this day.

## WHAT DID GOAD DUE TO DISSERVE THIS?

7. David Goad. in 2008, filed a civil RICO case in Federal Court (one of two cases) Goad v. Anderson et al case number SA08CA0674FB. and Goad v. Debi Crow (Guadalupe County District Clerk) et al case number SA11CA1056-OG. In Goad v. Anderson. Guadalupe County brought in their heavy hitters on an unsuccessful 12(b)(6) motion to dismiss hearing. The Judge (she is no longer on the bench along with another judge who ruled in David Goad's favor) let stand the RICO/1983 causes of action. The case was later dismissed on questionable (without the support of case law) grounds. The second case was also dismissed. but this case has clear evidence of fraud upon the court by Federal Judges. Can any solution exist here in the South?

8. One case in point. David Goad contacted the Texas Commission on Judicial Conduct complaining of Guadalupe County Judge. Gary Steel. Bob Warneke from TCOJC stated. "we do not have the resources to gain copies of the case documents" David Goad spent much time and money compiling all the information which took greater than one month. David Goad called Mr. Warneke when the very large file was compiled requesting a time to deliver by car the very large file(s) and discus the facts. Mr. Warneke declined and asked for just a few pages instead. Three judges later and all the same, not even one question from the TCOJC. Clearly. this commission is about protecting judges not correcting them. It is the FBI that has been in the news correcting judges here In the South!

9. For these reasons. plaintiff. David Goad requests this matter be moved to a county other than the counties mentioned. It possible the only county. if any. would be Travis County. wherein David Goad will be introduced to justice.

10. The corruption and prejudice is so great that Plaintiff is unable to receive a fair trial in the Counties listed above, the counties that can be influenced by those listed above, and the judges from Guadalupe County.

11. Attached and incorporated into this motion by reference, please find a true copy of the original sworn declarations in support of this motion.

I, David Goad, swear under the penalty of perjury that the above is true and to the best of my knowledge correct.

Respectfully submitted,

DAVID GOAD, Plaintiff
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-2052

## CERTIFICATE OF SERVICE

The undersigned certifies that on Sept 5, 2014, this **MOTION FOR FAIR TRIAL VENUE CHANGE** was served on all parties in accordance with Texas Rules of Civil Procedure as set out herein below:

Jeremy R. Sloan, Esq.
16500 San Pedro., Suite 410
San Antonio, Texas 78232
U.S. Mail

David Goad

# EXHIBIT "C"

CAUSE NO. JSC4-4995

| | | |
|---|---|---|
| DAVID GOAD | § | IN THE JUSTICE COURT |
| Plaintiff, | § | |
| v. | § | |
| | § | PRECINCT NO. FOUR |
| JAMIE OSBORNE | § | |
| Defendant. | § | |
| | § | GUADALUPE COUNTY, TEXAS |

## MOTION TO REINSTATE AFTER DISMISSAL

This Motion brought by plaintiff, David Goad (DG), moves Judge Friesenhahn to reinstate this case.

1. On September 10, 2014, Judge Friesenhahn dismissed this case, see **Exhibit "A"** attached and incorporated herein by reference along with other exhibits, claiming: " *The problem is I don't have jurisdiction in this case. This case has to be in the district court. You say you sued them individually and not the appraisal district it's got to be in district court. I cannot hear a case against the appraisal district, sorry. When the documents were stored at the appraisal district and sanitized the appraisal district was involved. I have no jurisdiction in this case.* " See attached **AGREED RECORD, Exhibit "B"**. DG believes Judge Friesenhahn's actions are directed by Robert Etlinger, an attorney for Guadalupe County.

2. Furthermore, Judge Friesenhahn disallowed all Motions submitted by DG, see **Exhibit "C"**, including but not limited to, PLAINTIFF'S REQUEST FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT AND NOTICE OF OBJECTION, a third order **Exhibit "D"**, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, signed after Judge Frieshanan ordered that he did not have jurisdiction over the case.

3. None of Judge Friesenhahn's actions comport with the law.

4. No Plea to the Jurisdiction, Motion to Dismiss for lack of Jurisdiction was plead, and no Special Appearance requested by defendant. A defendant waives any objection to

personal jurisdiction by making a general appearance. *See*, e.g., *Morris v. Morris*, 894 S.W.2d 859, 862 (Tex. App.—Forth Worth 1995, no writ). A Special Appearance must be heard and determined before any other motion, or pleading may be heard. [TRCP 120(a)(2).] and The trial court must consider evidence on a plea to the jurisdiction when evidence is necessary to determine jurisdiction facts. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). The file will reflect Judge Friesenhahn refused DG's request to subpoena witnesses and documents. DG believes this refusal was a result of the possibility that information brought forward from the refused subpoenas would have resulted in the issuance of indictments against the defendant. We must also add: Evidence is not necessary to resolve a plea to the jurisdiction when the plaintiff's petition affirmatively demonstrates the courts jurisdiction. *Miranda*, 133 S.W.3d at 226-27. A plea to the jurisdiction is proper to challenge a suit brought in one court when another court has exclusive jurisdiction. *Jansen v. Fitzpatrick*, 14 S.W.3d 426, 430-31 9Tex.App—Houston (2002). LAST BUT NOT LEAST. If a court lacks subject-matter jurisdiction, it does not have the power to transfer the case to the appropriate court. *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App—Corpus Christi 1989, writ denied). This also tells us that Judge Friesenhahn had no authority to grant the defendants Motion for Summary Judgment, or deny ALL of David Goad's motions upon signing the Dismissal for lack of Subject Matter Jurisdiction!

5. Unless it is clear from the pleadings that the court does not have jurisdiction over the controversy, the court should retain the case. *Peek v. Equipment Serv.*, 779 S.W.2d 802 (Tex 1989). If the jurisdictional defect is a pleading defect, it can be cured by amendment. In this case, Judge Friesenhahn denied all of DG's motions, which included his FIRST AMENDED COMPLAINT.

6. There is no supporting law, that because the appraisal district "stored" records a suit could only be brought against the appraisal district (or any public entity). Furthermore, a person or entity is not a party to a lawsuit unless named as a party. *See* **TRCP 79**; *Mapco, Inc. v. Carter*, **817 S.W.2d 686, 687 (Tex 1991)**. DG clearly plead that the suite did not include the appraisal district.

## CONCLUSION

7. There exist no lawful grounds for Judge Friesenhahn's actions. These actions are loud and clear in the AGREED RECORD.

## REQUEST

8. Plaintiff, David Goad, asks Judge Frieshanan to reinstate this case, void all other motions, and then transfer this case to a small claims court wherein David Goad can obtain justice.

Respectfully submitted,

DAVID GOAD, Plaintiff
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-2052

## CERTIFICATE OF SERVICE

The undersigned certifies that on Sept 24, 2014, this **MOTION TO REINSTATE AFTER DISMISSAL**was served on all parties in accordance with Texas Rules of Civil Procedure as set out herein below:

Jeremy R. Sloan, Esq.
16500 San Pedro., Suite 410
San Antonio, Texas 78232
U.S. Mail

David Goad

## CAUSE NO. JSC4-4995

| | | |
|---|---|---|
| DAVID GOAD<br>PLAINTIFF | §<br>§<br>§ | IN THE JUSTICE COURT |
| VS. | §<br>§ | PRECINCT NO. 4 |
| JAMIE OSBORNE<br>DEFENDANT | §<br>§<br>§ | GUADALUPE COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT JAMIE OSBORNE'S MOTION TO DISMISS

ON THIS DAY the Court considered Defendant Jamie Osborne's Motion to Dismiss. The Court, having reviewed the Motion, the response if any and arguments of the parties, if any, is of the opinion that the motion is well taken and should be granted.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that Plaintiff's lawsuit is DISMISSED for want of Subject Matter Jurisdiction.

Signed on _September 10 2014._

_____
Honorable Judge Presiding

Exhibit "A"

CAUSE NO. JSC4-4995

DAVID GOAD          §      IN THE JUSTICE COURT
         Plaintiff.      §
v.                        §
                            §      PRECINCT NO. FOUR
JAMIE OSBORNE        §
         Defendant.     §
                            §      GUADALUPE COUNTY, TEXAS

## AGREED RECORD OF SEPTEMBER 10, 2014 HEARING

This AGREED RECORD of the September 10, 2014, hearing comes unopposed by the defendant or Judge Friesenhahn. Therefore, in the name of justice, it is agreed, this record shall memorialize the hearing that day.

1. **Judge:** We are here on two cases David Goad v. Erick Strey, and David Goad v. Jaime Osborne.

2. **Judge:** We are going to address the motions in the order received by the court.

3. **Goad:** Objection. The Motion for Fair Trial and Venue Change should be addressed first, it sets precedence over all other motions because it is written law, and I can find no exception to that law, a new law, first adopted one year ago, it is also a constitutional issue.

4. **Judge:** The problem is it is a Fair Trial Venue motion and were not at trial.

5. **Judge:** The motion is denied.

*Exhibit "B"*

**6. Sloan:** There are three grounds in the partial summary judgment in which my clients are entitled to. governmental immunity. substantive due process. and procedural due process. Mr. Goad did not participate in either. as he did not make a protest in the relevant years. This is a lawsuit that should be filed against the appraisal district and not my clients. Mr. Goad's pleadings are groundless and should not be allowed by this court.

**7. Goad:** I object to everything that wasn't plead in his first responsive pleading. We are here on an issue of immunity. This whole hearing should be focused upon that. I will speak on federal law because it is over state law. The state cannot make a law the trumps federal law as I have stated in my pleadings. If I could have brought in witnesses today this thing would be over with and all we would have to do is assemble a jury for damages. Hopefully. and indictment would be issued.

**8. Goad:** (Reads from his First Amended Complaint): #6 thru #24. I provide both law from the United States Supreme Court and the 5th District which is over this court. This is all based upon federal law.

**9. Judge:** We're going by state law because we're in state court not a federal court.

**10. Goad:** Can I pull up federal case law to prove my point. I have all the books here on the federal case law that allows state courts to hear these matters. Also. state law does not allow immunity when someone acts in a fraudulent manner.

**11. Judge:** We are here for two motions, immunity and subject matter jurisdiction. I agree that state law does not trump federal law, but we are not in federal court we are in state court.

**12. Goad:** I would like to cite federal law from the books I brought from the number one man quoted in the U.S. Supreme Court. You cannot erase federal law because we are in a state court.

**13. Judge:** The problem is I don't have jurisdiction in this case. This case has to be in district court. You say you sued them individually and not the appraisal district. its got to be in district court. I cannot hear a case against the appraisal district. sorry. When the documents were stored at the appraisal district and sanitized the appraisal district was involved. I have no jurisdiction in this case.

Respectfully submitted.

DAVID GOAD. Plaintiff
1154 Rivertree Drive
New Braunfels, Texas 78130
830-515-2052

## CERTIFICATE OF SERVICE

The undersigned certifies that on Sept 24, 2014, this **AGREED RECORD** was served on all parties in accordance with Texas Rules of Civil Procedure as set out herein below:

Jeremy R. Sloan, Esq.
16500 San Pedro., Suite 410
San Antonio. Texas 78232
U.S. Mail

David Goad